Bosworth, J.
There is no pretence that the agreements for extension of time, differ in terms or legal effect, from the plaintiff’s understanding of them at the time they were signed. If they had been signed by his attorney, the entry of the judgment would have been clearly irregular, as it took place before the extended time to answer had expired. Unless a stipulation giving time to answer, signed by the party in person, may be repudiated by himself, and without notice to the adverse party, then the entry of a judgment in violation of it is irregular. The 40th rule of the supreme court recognizes an agreement, in respect to the proceedings in a cause, as equally binding, when signed by the party, as when signed by his attorney, or counsel.
The 65th rule of this court, adopted in 1848, was to the same effect. The 121st rule of the court of chancery, established in 1837, was in terms substantially like that of the 40th rule of the supreme court. The 37th of the new rules of the supreme court is to the same effect.
The object of the rule requiring agreements, in respect to the proceedings in a cause to be signed by the party against whom they are alleged, or by his attorney or counsel, undoubtedly was, to prevent contentions between gentlemen of the profession, arising out of verbal agreements, and to save the court from the unnecessary labor of determining from conflict *673 ing affidavits, what agreement had in fact been made. The controversies of that character usually resulted from the misapprehension of the one party or the other, as to what was actually intended to be conceded, or agreed to, by the attorney for the other side. All this was effectually obviated, by requiring the agreement to be in writing, and signed by the party making it.
As it was competent for a party to settle the controversy, or give time for the payment of the debt, there would not seem to be any good reason for prohibiting him from personally consenting to additional time for doing any act necessary to be done in the orderly conduct of the proceedings in a suit.
Hence the rules of the court on this subject treat the agreement of the party as binding as that of his attorney or counsel: and it is as irregular to take a proceeding in disregard of his express written agreement, as of that of his attorney or counsel. As between him and the opposite party the unauthorized proceeding is unjust and irregular. It is his own fault that his agreements in relation to the suit are not communicated to his attorney. For this the opposite party should not be punished, nor made to suffer.
Ho blame can attach, or injury result to the attorney. The consequences of the irregular proceeding are visited upon the party, on whose behalf, and by whose fault they have been taken. The court is not disposed to encourage the interference of a party, who has appeared by an attorney, with the ordinary proceedings in a cause. But there is no doubt of his legal right to do so, and if he chooses to deliberately exercise it, his agreements are as valid as those of his attorney, and proceedings taken in violation of them are equally irregular. The entry of the judgment was irregular, and the order appealed from setting it aside for irregularity, was correct. Having been properly set aside for irregularity, it was proper to charge the party who had taken the irregular proceeding, with costs of the motion. The order appealed from must be affirmed, with costs.