JOHN B. SHANK *et al. v.* JACOB SHOEMAKER.

After the recovery of judgment for a penalty, and pending an appeal to this court, the statute imposing the penalty was repealed and a settlement was made between the appellant, who was insolvent, and his sureties — they paying the respondent's costs — and the respondent, who remitted the penalty recovered. On motion to dismiss the appeal: *Held,*

No objection to the settlement that the respondent did not communicate the fact that the statute had been repealed.

Nor that it prejudiced the attorney for the appellant, there being no judgment on which he had a lien for his costs.

MOTION to dismiss appeal from Supreme Court.

*David Wright,* for the appellant.

*George O. Rathbun,* for the respondents.

S. B. STRONG, J. The respondents move to dismiss the appeal in this action on several grounds, of which I deem it necessary to consider the following, only: That the action has been settled by an agreement between the defendant, with the consent of his sureties on the appeal, and the attorney for the plaintiffs. The terms of the settlement are not stated in the respondents' papers, but it is to be inferred from the affidavit of the attorney for the appellant, that the sureties of the defendant, who is insolvent, paid the respondents' costs, and the respondents remitted the penalties for which they had obtained the judgment of the court below. The statute giving the penalties was repealed after the judgment had been rendered. The settlement, if valid, furnishes a sufficient reason for the dismissal of the appeal. It is competent for the parties themselves to settle their controversies.

The counsel for the appellant objects to the motion on the following grounds: 1st. That the settlement was concluded on Sunday; 2d. That the respondents, in effecting it, perpetrated a fraud upon the appellant and his sureties, by

suppressing the fact that the statute creating the penalties had been repealed; and, 3d. That it was in fraud of the right of the appellant's attorney to recover his costs.

It does not appear, by competent evidence, that the settlement was made on Sunday. The only evidence on the subject, is the belief, on information, of the appellant's attorney. He was not present at the time, and if the allegation is true, positive proof might have been obtained from the appellant or his sureties. If, however, the proof of that allegation had, been positive, that would not have vitiated the arrangement, as it is not prohibited by the statute for the observance of Sunday.

It does not appear that the respondents' counsel made any false allegation to deceive the appellant. It is only charged that he did not communicate the fact that the statute creating the penalties had been repealed. The suppression of some fact, known only to the party, is sometimes a badge of fraud, but it has never been, nor could it reasonably be, held that a party effecting a settlement of a suit is bound to state some defect in his claim or defence. The fact that the respondents, or their attorney, were willing to abandon the claim for the penalties was sufficient to apprise the appellant, or his sureties, that the respondents had discovered some weakness in their claim, and if the appellant did not think proper to prosecute any inquiry on the subject, that would not vitiate the arrangement.

The claim of the attorney for the appellant, for his costs, had not been perfected by a judgment. There is no case which goes far enough to show, that a party who has not obtained a judgment in his favor cannot settle a suit, because it may prejudice the possibility, or even probability, that his attorney might obtain his costs by a future trial, and a judgment in favor of his client. The appeal must be dismissed.

All the other judges concurring,

Appeal dismissed