# SUPREME COURT.

## FITCH agt. HALL.

WHERE a party, or attorney, in disregard of a *stipulation* entered into by them in the cause—*e. g.*, to change the venue—proceed in the cause, on the alleged ground that the stipulation was obtained by fraud, and has no binding force, they take the peril, in case the question of fraud is decided against them, of having all their proceedings set aside as *irregular, with costs.*

*New - York Special Term, October,* 1859.

AT the April special term, held at Albany, in the third judicial district, the plaintiff and defendant made counter-motions to set aside the different judgments entered in this action. The first judgment was entered by the plaintiff on the 15th day of November, 1858, in the first judicial district in the city of New-York, and the second by the defendant in the third judicial district in the county of Rensselaer, on the 29th of December, 1858. The place of trial was originally in the county of Rensselaer. While there the cause was referred by consent of parties to a referee, who made a report in favor of the defendant in 1854.

The plaintiff took exceptions to the findings of the referee, and a case was made by the plaintiff, and the cause was brought to argument thereon, before the general term of the third district, at December term, 1856. On the 14th day of March,

1857, the decision of the general term of the third district was announced, affirming the judgment entered on the report of the referee, as appeared by an order or entry in the minutes of the general term of that district of that date.

Nothing further was done by the attorneys of either party in the cause until September, 1857, when the defendant's attorney noticed the cause for argument before the general term of the third district for December, 1857. On receiving that notice, the plaintiff, who, with the defendant's attorney, then resided in the city of New-York, went to the defendant's attorney, and they entered into a stipulation that the venue, or place of trial, be changed from the county of Rensselaer to the city and county of New-York, and that the appeal be changed from . the third district to the first judicial district, and be put upon the calendar of the general term, and be heard with all convenient speed, and that H. G. Wheaton is acknowledged as the sole attorney of the defendant, Hall, in this action. Upon this stipulation being filed, together with the notice of substitution of defendant's attorney, and the notice of argument for the December general term in the third district, an order was obtained *ex parte* in the first judicial district, changing the place of trial to the city of New-York, and directing a transfer of all the papers in the case from the clerk of the county of Rensselaer to the clerk of the city and county of New-York.

Subsequent to this, both parties noticed the cause for argument to the general term of the first district, and it was argued there. In June, 1858, the general term in New-York *reversed* the judgment entered on the report of the referee, and granted a new trial. By consent and stipulation the cause was then referred to Judge Peabody as sole referee, who heard the proofs and allegations of the parties, and reported in favor of the plaintiff for $1,072.29, on the 16th of October, 1858. The defendant, and his attorney and counsel, repeatedly appeared before the referee in New-York. On this last report, the plaintiff, on notice, adjusted his costs and entered judgment in the city of New-York for $1,592.98, damages and

costs, on the 15th of November, 1858. The defendant's attorney, alleging that he had forgotten the argument, and *had not* *heard* of the decision of the cause by the general term of the third district, about the 22d day of November, 1858, procured a formal order to be entered of the affirmance of March 14th, 1857, of the judgment entered on the report of the first referee, and having served the same, with notice of the adjustment of costs before the clerk of Rensselaer county, appeared before the latter officer, who refused to adjust the costs or enter the judgment, upon the ground that the cause had been transferred to the city of New-York. At the December special term, 1858, an alternative mandamus was issued, at Albany, to the clerk of Rensselaer, requiring him to adjust the costs and enter the judgment, but without prejudice to the plaintiff's right of moving to set aside the same. The clerk obeyed the mandamus, and the plaintiff's costs were adjusted by him, and judgment entered in Rensselaer on the 29th of December, 1858, upon the report of the first referee, for $358.03, damages and costs.

At the Albany special term, held in April, 1859, the plaintiff moved to set aside this last judgment, and all subsequent proceedings, and all previous proceedings had in the third judicial district after the stipulation·to change the venue and place of trial; and the defendant moved to set aside the plaintiff's judgment and all subsequent proceedings, and all previous proceedings in the city of New-York, after the order of affirmance of March 14th, 1857. These motions were both heard together.

On the 26th of April last, Justice HOGEBOOM decided the motions, and made an order upon the plaintiff's motion to set aside the defendant's proceedings and judgment, that the same be denied as not made before the proper tribunal, without costs, and without prejudice to a renewal thereof upon the same or other and additional papers in the first judicial district.

And upon the defendant's motion to set aside the judgment entered up in favor of the plaintiff in the first judicial dis-

Fitch agt. Hall.

trict, the same justice denied the same *upon the merits*, without costs, and without prejudice to a renewal thereof, upon the same or additional papers, to the first judicial district.

From the latter order, the defendant appealed to the general term of the third district, which, at the term held on the 17th of September instant, ordered that the order of special term, denying the motion, to vacate the order, changing the place of trial, and to set aside the subsequent proceedings, be affirmed.

The plaintiff now renews the motion made by him, to set aside the judgment docketed against him in this cause with the clerk of the county of Rensselaer, on the 29th of December, 1858, and all subsequent proceedings therein, and all proceedings in this cause in the third judicial district, since the stipulation made in September, 1857, changing the place of trial, in accordance with the leave given.

> JOHN FITCH, *in pro. per., for motion.*
> H. G. WHEATON, *for defendant.*

DAVIES, Justice. The main ground relied on to oppose this motion—that is, that the order of this court, changing the place of trial from the county of Rensselaer to the city and county of New-York, was irregular and void—has been disposed of at the special and general terms, in the third judicial district.

That question was distinctly presented before Justice HOGE-BOOM, on the defendant's motion heard before him in April last, to vacate and set aside the plaintiff's judgment. In his opinion, he says, " The defendant alleges that this order was ineffectual and without jurisdiction, being made in the *first* district, when the place of trial was still in the *third* district. But I cannot so regard it. It was effectually an *ex parte* order, both parties having agreed upon its terms. They both desired to change the place of trial, and both must be presumed to have consented to an order to that effect, to be executed whenever it was convenient. At all events, the stipulation, unless obtained by fraud, should be regarded as operative. I can

see no well-grounded objection, if it be necessary for the purposes of justice, to entering an order upon it now in the third district, giving it relation back to the day when the order was entered in the first district." He also says, "I regard the defendant as having, on various occasions, acquiesced in the transfer of the cause to the city of New-York; and I think he should, for the purpose of this motion, be regarded as estopped thereby."

Justice HOGEBOOM then examines and discusses the question of fraud suggested in obtaining the stipulation, and holds that both parties may have acted in good faith. In this view I entirely concur.

As the results of his examination and opinion, Justice HOGEBOOM held, that the case was, therefore, properly heard in the city of New-York, and the judgment entered there must be deemed regular. As a consequence, the judgment perfected in Rensselaer county must be regarded as irregular, and should be set aside. And he adds, " But I do not see that it can be done upon this motion. This is not the place to do it. The cause is not here, but in the city of New-York, and the motion should be made to the first district."

From this order of Justice HOGEBOOM, the defendant appealed to the general term, which affirmed the order denying the motion to vacate the order changing the place of trial, and to set aside the subsequent proceedings therein. The motions are, therefore, *res adjudicata* in this court, and I have but to do what the court in the third district say should be done, set aside the judgment entered up by the defendant in this cause, and all subsequent proceedings therein, and all the proceedings had or taken by the defendant in the third judicial district since the date of the stipulation changing the place of trial.

As these proceedings were irregular, the motion is granted, with $10 costs.