## PULVER vs. HARRIS.

An action for assault and battery being at issue and noticed for trial, the parties settled the matter, and the plaintiff executed to the defendant a release and discharge, without consultation with, or notice to, his attorney, to whom he had, *in terms*, given a lien on the cause of action as security for his costs, advances and counsel fee, of which claim by the plaintiff's attorney, the defendant had notice, at the time of the settlement. *Held* that the attorney was not at liberty to proceed in the action, to obtain his costs, advances and counsel fee, after such settlement and release of the cause of action by the plaintiff.

*Held, also,* that the release and stipulation executed by the plaintiff bound *him* to all its terms ; and that if he should proceed in violation of it, his proceedings would be set aside as irregular and improper.

*Held, further,* that the action being for assault and battery, the right of action was personal to the plaintiff, and could not be assigned. Therefore the assignment of the cause of action to the attorney transferred no interest in the subject matter of the action, and by it he acquired no rights, legal or equitable, against the defendant.

That the case fell directly within the principles laid down in *The People* v. *Tioga Com. Pleas,* (19 *Wend.* 73 ;) in *Benedict* v. *Harlow,* (5 *How. Pr.* 347 ;) and in *Shank* v. *Shoemaker,* (18 *N. Y.* 489.)

That the cause of action being personal to the plaintiff, the authority to settle the suit before trial, and consequently before the right to costs was determined, rested with him, without any right in his attorney to prevent him from so doing, or to dictate terms.

That after the plaintiff had released and discharged the cause of action, his right of recovery was gone ; he had no longer a right to damages ; and if not entitled to damages, he had no claim for costs. That the right to costs being dependent on the recovery of damages, if the plaintiff could not have damages, neither could he, or any one claiming through or under him, have costs.

That the attorney had no right to prosecute the action, against the wishes and without the authority of his client, on the ground of his being an assignee or "equitable owner" of the cause of action.

THIS is a motion to set aside the defendant's default and an assessment of damages against him, and for other and general relief; on the ground that the action had been settled by the parties, and the claim and cause of action set forth in the complaint released and discharged by the plaintiff.

The action was assault and battery. It was put at issue,

Pulver *v.* Harris.

and was tried at a former circuit, where a verdict was rendered in the plaintiff's favor, for $600. Judgment was entered on the verdict, with $256.22 costs, in all $856.22, on the 24th of January, 1871. On appeal, the judgment was reversed and a new trial ordered, costs to abide the event. The action was again noticed for trial at the circuit; but before the trial, and on the 16th of May, 1872, the parties settled the case, and the plaintiff executed and delivered to the defendant an instrument, under seal, whereby, in consideration of $80, acknowledged to be paid him, he released and discharged the defendant from the cause and causes of action mentioned in the complaint, and declared the action settled, and authorized the entry of an order of discontinuance. When the case was reached on the circuit calendar, and called for trial, the defendant's attorney produced the release and settlement, and objected to further proceedings, on the ground that the case was settled, and the cause of action discharged; but the plaintiff's attorney insisted that the settlement did not affect his right to costs, and took an assignment of damages for $50 against the defendant, the latter not appearing, except to suggest and insist on the settlement aforesaid. The plaintiff claimed the right to enter judgment for $50, with costs of the action, and to collect the same, or at least to collect the costs. Thereupon this motion was made, to set aside the proceedings at the circuit, and to enforce the settlement and the stipulation of discontinuance therein contained.

In answer to the motion the plaintiff's attorney states, on oath, that he had no intimation of the alleged settlement until the first day of the circuit; that he had fully prepared the case for trial; that the plaintiff was wholly insolvent; that on the 16th of September, 1870, the plaintiff executed to him a paper as follows, (Title of the cause:) "I hereby assign and transfer to J. P. Butler a lien upon the judgment and cause of action in this case,

for security for his costs in the action and for counsel fees, and advances that he may make in preparation for the trial thereof. The balance to belong to me upon recovery;" that on the same day he exhibited this paper to the defendant, and notified him that the costs and disbursements belonged to him, and that he had a lien on the cause of action, for his costs of the action, disbursements and counsel fees; also informed him that the plaintiff was insolvent, and that settlement, if made, must be made with him. He further states, in his answering affidavit, that he had incurred expense and liability in conducting the case for the plaintiff, and charged that the settlement and stipulation to discontinue the action was effected to defeat his claim as attorney and counsel in the action, and hence was fraudulent, and did not operate to defeat his claim for costs, disbursements and counsel fee in the suit. Other facts were stated in the answering affidavit; but none of them are deemed of importance on this motion, inasmuch as those above cited present fully the questions here considered.

*A. Pond*, for the motion.

*J. P. Butler*, opposed.

BOCKES, J. The former trial, verdict and judgment in this case are of no importance on this motion, for the reason that the judgment, on appeal, was reversed, and a new trial was ordered, with costs to abide the event. The case stands here as if no trial had been had at the time of the settlement by the parties.

The case then, briefly stated, is this: an action of assault and battery was pending, at issue and noticed for trial; when the parties settled the matter and the plaintiff executed to the defendant a release and discharge, without consultation with, or notice to, his attorney, to whom he had, *in terms*, given a lien on the cause of action as secur-

ity for his costs, advances and counsel fee, of which claim, by the plaintiff's attorney, the defendant had notice at the time of settlement. Is the attorney at liberty to proceed in the action, to obtain his costs, advances and counsel fee, notwithstanding the settlement and release of the cause of action by the plaintiff? The release and stipulation executed by the plaintiff undoubtedly bound *him* to all its terms, as there is no pretense that he was at all imposed on or entrapped into the settlement. *He* was not at liberty to proceed further in the cause, against the terms of the paper he had executed understandingly and on good consideration; or if he should proceed, in violation of it, his proceedings would be set aside as irregular and improper. (*Braisted* v. *Johnson,* 5 *Sandf.* 671. *Fitch* v. *Hall,* 18 *How. Pr.* 314. *Rule* 16.) The proceedings in this case after the settlement and stipulation of discontinuance were irregular as regards the plaintiff, and cannot be upheld with a view to secure any advantages or benefits to him. This seems clear beyond peradventure.

But it is insisted that the plaintiff's attorney had acquired rights in this case against the defendant, of which he could not be divested by a settlement of the cause of action without his concurrence or assent. This claim is based on the position that he had a lien on, or right to, the cause of action which the defendant was bound to respect; a right which he could enforce against the latter in this court. The action was assault and battery; an action arising out of a personal tort. Such rights of action are personal to the party, and cannot be assigned. (19 *Wend.* 73. 6 *How.* 161. 22 *Barb.* 110. 3 *Abb.* 37. 12 *N. Y.* 622.) These are but few of the many cases which hold or recognize this rule. In this case, therefore, the attorney acquired no rights against the defendant by the assignment of the cause of action to him. It transferred no interest in the subject matter of the action. It may be valid and binding as an agreement between the

parties to it, (19 *Wend.* 73, 78, 79 ;, 3 *Abb.* 37,) but with that question we have here no concern. The right of action remained with the plaintiff, subject to his personal control. The right to prosecute it; to forgive it and to release and discharge it; rested with him, unaffected, in so far as the defendant was concerned, by the paper executed to his attorney. So, after the plaintiff had released, and discharged the cause of action, his right of recovery was gone. He certainly, now, had no right to damages; and if not entitled to damages, he had no claim for costs. Now, as regards the attorney—having acquired no right in the cause of action—he could have no better position than the party who was principal in the claim. The right to costs, whomsoever might be entitled to them when awarded, was dependent on the recovery of damages. If the plaintiff, (the claim being purely personal, and remaining in himself,) could not have damages, neither could he or any one claiming through or under him, have costs. All right to costs, on the part of the plaintiff, fell with the obliteration and extinguishment of the cause of action. Had the plaintiff died, could the attorney have further prosecuted the suit, with a view to an indemnity for his costs, disbursements and counsel fee? Clearly not. And was not all claim against the defendant as effectually obliterated and extinguished by the release and discharge of the cause of action, as if the plaintiff had died?

The attorney's right to prosecute the action against the wishes and without the authority of his client, must rest on the hypothesis that he is an assignee or "equitable owner" of the cause of action. But he can be neither. The cause of action is not assignable. No right could be conferred by any form of transfer of it, as against the defendant, either legal or equitable. If he be assignee, or if he may, as "equitable owner" of the claim, prosecute the suit for his own personal advantage and benefit, he should be liable to the adverse, party for costs in case of

Pulver *v.* Harris.

failure to recover. Yet no one will maintain that the attorney in this case was liable to the defendant for costs in any possible contingency. The assignment of the cause of action was ineffectual as a transfer of the cause of action. So it conferred no right at law. This all concede. But it is said it nevertheless conferred *equitable rights.* So it did, as between the parties· to it—attorney and client. Indeed, as between them, it was valid and binding; not as a transfer of the cause of action; but it gave the attorney a right to retain the damages when recovered and collected, to the extent, and for the purposes specified in the paper. So, if damages had been recovered in the·action, and the money had come to the hands of the attorney, he could have retained it until the terms and conditions of the transfer were fully met and answered. He could have insisted on the equity in his favor created by the instrument, although invalid in law as a transfer. But with these rights and equities the defendant has no concern. They pertain to the immediate parties to the transfer. As above stated, the transfer conferred no right, legal or equitable, against the defendant.

The case of *Benedict* v. *Harlow,* (5 *How.* 347,) is similar to this now under consideration, in all important particulars; and is a decision directly in point. This action was assault and battery and false imprisonment. On the trial, the plaintiff had a verdict in his favor. Thereupon the parties settled, without notice to the plaintiff's attorney, and the plaintiff, by a release under seal, discharged the claim. Notwithstanding the settlement, the plaintiff entered up judgment, which the defendants moved to set aside. The plaintiff's attorney resisted the motion on the ground that the settlement was a fraud upon him, and if sustained would deprive him of all compensation. He showed that he had incurred expense in conducting the suit, and that the plaintiff was insolvent. Affidavits were also read tend-

Pulver v. Harris.

ing to show that the defendants knew that the settlement would operate as a fraud on the plaintiff's attorney. The motion, however, was granted, and the judgment set aside. Judge Willard discussed the question in an elaborate opinion, and held that the parties had a right to settle the suit before judgment without paying the attorney his costs. So in *Shank* v. *Shoemaker*, (18 *N. Y.* 489,) Justice Strong, in delivering the opinion of the court, remarks: "There is no case which goes far enough to show that a party who has not obtained a judgment in his favor cannot settle a suit because it may prejudice the possibility, or even probability, that his attorney might obtain his costs by a future trial and a judgment in favor of his client." In this case, also, it was insisted that the settlement was in fraud of the attorney's right to recover costs, because of the insolvency of his client. In *The People ex rel. Stanton* v. *Tioga Com. Pleas*, (19 *Wend.* 73,) it was directly decided that a personal tort was not assignable, so that a court of law would protect the assignee against the subsequent fraudulent discharge of the damages recovered in a suit prosecuted for such tort; and Judge Cowen, in this case, says: "Assignments of personal injuries must still be regarded as mere covenants or promises, which we cannot protect against the interference of the immediate party, though the defendant have full notice of the effort to assign;" and he adds: "If the person professing to assign will do prejudice to the right, by extinguishing or impairing it, the party with whom he deals must be left to his action for damages, according to the nature of the undertaking. If it be under seal, then he must bring covenant; * * * if without seal, then assumpsit." Thus it is declared that the parties may settle, even with notice to the defendant of the attempted transfer, and the plaintiff may extinguish the claim; in which case redress can be had by the attorney only by proceedings against his client for damages, according to

the nature of his claim. I am referred to the decision in *Rasquin* v. *The Knick. Stage Co.*, (12 *Abbott*, 324,) a case in the New York common pleas, where it is decided that when a settlement of a pending suit is privately effected between the parties, with the design of preventing the attorney from obtaining his costs, the court will, notwithstanding the settlement, allow the attorney to go on and collect the costs in the action. To the same effect is the decision in *McDowell* v. *The Second Avenue R. R. Co.*, (4 *Bosw.* 670,) in the New York Superior Court. See also, *Owen* v. *Mason*, (18 *How.* 156,) in this court. In neither of these cases is the decision in *Benedict* v. *Harlow*, or in *The People* v. *Tioga Com. Pleas*, alluded to; although in *McDowell* v. *The Second Avenue R. R. Co.*, the question involved received very careful examination; and many cases, both in this country and in England, are cited. Added to the above decisions, (5 *How.* 347; 19 *Wend.* 731,) is now the decision in *Shank* v. *Shoemaker*, (18 *N. Y.* 489.) It may be here remarked that many of the cases cited are those where judgment had been perfected or verdict rendered; hence the right to costs was determined, prior to the settlement or alleged improper interference of the party. Those cases differ widely from this, in which the settlement was made and the release given before trial, and of course before costs were awarded, or the right to them was made certain.

Having given this motion earnest consideration, and having, as I believe, examined the authorities bearing on the question before me, I am led to the conclusion that the case falls directly within the principles of law laid down in *The People* v. *Tioga Common Pleas*, (19 *Wend* 73;) in *Benedict* v. *Harlow*, (5 *How.* 347;) and in *Shank* v. *Shoemaker*, (18 *N. Y.* 489.) It is clear that the cause of action was not assignable; therefore the plaintiff's attorney acquired no right whatever against the defendant, by vir-

tue of the assignment of it to him; and without this he certainly had no lien or claim thereon. So the authority to settle the matter in litigation before trial, and consequently before the right to costs was determined, rested with the plaintiff, without any right in the attorney to prevent him from so doing, or to dictate terms. The cause of action was personal to himself purely. It would not survive him; and was incapable of being transferred to another; hence it lay with him to discharge or to enforce it. In this condition of the case he settled and discharged the claim. Now the right of recovery was extinguished, and of course all claim for costs was gone. I have above considered this case as an effort on the part of the attorney to continue the prosecution of the action only with a view to obtain his taxable costs in the action. But the attorney's claim goes much beyond this. He insists that he may prosecute the suit and recover and collect damages to the extent of his advances and counsel fee; in this case stated at a sum exceeding $300. In other words, that he may control and enforce the cause of action and collect *damages* to an amount exceeding $300, notwithstanding the settlement, and the release and discharge of damages by the plaintiff. May he do this? He places his right so to do on the same footing with his right to collect his taxable costs. If he may proceed to collect his taxable costs, he may also collect damages to the extent of his advances and counsel fee. I think if the taxable costs may be collected in this case, the damages may also be collected. But, in my judgment, neither can be recovered and collected here against the settlement and discharge.

This seems a hard case for the plaintiff's attorney, who has performed much labor and has incurred considerable expense in conducting the suits, as, in all probability, he is without redress. But the defendant is not to be held responsible simply because the attorney can obtain recom-

pense from no other source. There must be good ground to charge him with a loss resulting to his adversary's attorney, before it can be cast over upon him.

Motion granted.

[SARATOGA SPECIAL TERM, July 9, 1872. *Bockes*, Justice.]