Grover, J.
The reversal of the judgment rendered upon the verdict found upon the first trial, and ordering another trial of the action, placed the cause for all purposes, except the costs of the former, in the same situation as though no trial had been had. The partial assignment of the judgment by the plaintiff to his attorney to secure his costs and counsel fee before the reversal, so far as the judgment was concerned, became a nullity. There was no longer any judgment in existence. The assignment of a judgment would also include the cause of action upon which it was rendered in case of a subsequent reversal if the latter was assignable. In the present case the cause of action was an assault and battery upon the plaintiff by the defendant. This could not be assigned, either at common law or by the provisions of the Revised Statutes or Code. (The People v. Tioga Com. Pleas, 19 Wendell, 73; McKee v. Judd, 2 Kern., 622; Zabriskie v. Smith, 3 id., 322; Haight v. Hoyt, 19 N. Y., 464; 2 R. S., 448, §§ 1 and 2.) It follows that, after the reversal of the judgment and the order of a new trial, the assignment by the plaintiff to his attorney became entirely inoperative, so far as the defendant’s rights were concerned. As to him it was a cause of action belonging to the plaintiff, which he *76 could not transfer, and which must remain subject to-his control until merged in a judgment, or, at least, a verdict. When so merged it becomes property, and part of the estate of the party during the continuance of the merger, and, being such, may be transferred in like manner as choses in action, which survive the owner and vest in his personal representatives. The provision in the order for a new trial that the costs of the former trial and of the appeal from the judgment should abide the event of such trial will not aid the attorney. It still remained subject to the control of the plaintiff whether’ the cause should be again tried. This follows from his absolute ownership of the cause of action. An attorney acquires a lien for his costs upon the recovery of a judgment; and in case notice is given of such lien to the judgment debtor the court will protect the lien against any payment made to the judgment creditor. (Martin v. Hawks, 15 Johns., 405.) It will afford like protection to all parties who have acquired an interest in or lien upon the judgment. When it was held that an attorney had a lien for his costs, or for anything else, this protection followed as a matter of course. But retaining an attorney to prosecute an action, and its commencement by him, gives no lien upon what may, in the event of a trial, be recovered therein for the services rendered by the attorney. (Kirby v. Kirby, 1 Paige, 565; Shank v. Shoemaker, 18 N. Y., 489.) The reason why such a claim has so seldom been denied by the courts is that it has so rarely been made. Should such a lien be held valid it would not be in the power of the parties to settle their controversy until it was satisfied; and it would be in the power of the attorney to continue the-litigation for his own benefit in case of a favorable result without incurring any liability should it be adverse. Whether such should be the law is not the question. It is sufficient for this casé that the law gives no such lien to the attorney. The case is simply this. The plaintiff employed an attorney to prosecute an action against the defendant for an assault and battery. During its pendency, the plaintiff being insolvent, the attorney gave notice to the defendant that the *77 cause of action has been transferee! to him as security for his services, and that he must not settle with the plaintiff without payment to him for such services. The question is, whether this made void the settlement by the parties so far as necessary to indemnify the attorney. We have already seen that the assignment of the cause of action to the attorney was void as to the defendant for the reason that it was one not assignable. There is no pretence upon the papers but that the settlement was entirely fair, and, as between the parties, the plaintiff’s claim has been fully satisfied and discharged. He can recover nothing for himself against the defendant. The claim of the attorney is, that he has a right to go on and try the action, and if he can show the plaintiff, in the absence of a settlement, entitled to recover a sum sufficient to pay for the services rendered, he can recover a judgment to that extent. But it is entirely clear that he has no such right, for the reason that the cause of action did not belong to him and he had no lien upon it. But the principal ground relied upon by the counsel for the appellant is, that he having proceeded and tried the action, notwithstanding the settlement, and obtained a report from the judge, by whom it was tried, directing a judgment for the plaintiff for fifty dollars, together with costs, the motion of the defendant to set the ' report aside is addressed to the favor or discretion of the court, and, therefore, should be granted only upon terms just to all interested, including the attorney. The error in this is that the motion was not so addressed. The plaintiff had released and discharged the cause of action and stipulated that the suit should be discontinued. After doing this he had no right to try the action; and his attorney having done so, the defendant had an absolute right to have the report set aside. Under such circumstances the court had no right to impose terms or conditions upon granting the relief. It was suggested by the counsel that the defendant was guilty of fraud upon the attorney by withholding information of the settlement from him, and thus having him expend labor and money in preparing for the trial after the settlement was *78 made. The answer to this is, that the defendant owed no duty to the plaintiff’s attorney to inform him of this fact. That was the duty of the plaintiff himself, and the papers fail to show that the defendant knew that he had not performed it. It may be said that, although the plaintiff was the owner of the cause of action, and as such had a right to control and settle the suit, yet the defendant knowing that the attorney relied upon the fruits of the action as security for his services, the defendant ought to have paid the money to him instead of the plaintiff upon the settlement. The answer to this is, that the attorney having no legal or equitable lien upon the cause of action, the defendant had the right to pay the money to the plaintiff to whom it belonged, and was not bound to take care of the interests of the attorney. His demand was against the plaintiff, to whom alone he gave credit; and if the latter is unable to respond, it is his misfortune and not that of the defendant. The latter settled the suit and paid the money to the plaintiff, the only person with whom he could settle; and having fairly procured a discharge from him, is no further liable.
The order appealed from must be affirmed.
All concur.
Order affirmed.