# SUPREME COURT.

## SULLIVAN agt. O'KEEFE.

*Action for specific performance — Settlement by parties — Defendant's attorney insists upon continuance of action unless his costs are paid — Motion by plaintiff for dismissal of the action — Attorney's lien for costs.*

Where no judgment has been entered in an action, an attorney has no vested right to costs therein. Whatever claim he has for his services is against his client on the retainer.

Although there are cases holding that a party may not discharge a judgment actually entered, and thus deprive his attorney of his costs in such judgment, yet *it seems* that parties may settle their controversies without consulting the wishes of their attorneys, or even against their wishes, save where judgment has been entered including costs, or where the attorney has obtained a lien on the subject matter of the action. The attorney gets no such lien under his retainer alone.

Where an action was brought for the specific performance of a contract for the sale of real property, after the cause was at issue, but before trial, the parties made a settlement of the subject of the action, notwithstanding which the defendant's attorney insisted upon proceeding with the action unless his costs were paid him. The plaintiff thereupon moved for a dismissal of the action.

*Held,* that, as in fact there was no longer a controversy between the parties, the action should not be continued at their expense, either for the profit or emolument of others, and that the motion for discontinuance should be granted.

*Saratoga Special Term, August* 28, 1877.

THE action was brought for the specific performance of a contract for the sale of real property. After the case was at issue, but before trial, the parties made a settlement of the subject of the action, notwithstanding which. the defendant's attorney insisted upon proceeding with the action unless his

Sullivan agt. O'Keefe.

costs were paid him. The plaintiffs thereupon moved for a dismissal of the action.

*E. F. Bullard*, for the motion.

*J. Le Buef*, opposed.

Bookes, *J.* — The motion is made for specific relief, and is followed by the usual claim for such other relief as may be proper on the facts of the case. Thus, the motion resolves itself into one for an order dismissing the action or complaint, on the ground that the action has been settled by the parties. The plaintiff makes the motion, averring that the action has been settled. That the action has been settled by the parties, and that there no longer exists any controversy between them, is not denied; indeed, this stands confessed. But the defendant's attorney objects to the dismissal of the action, and insists that it shall proceed on the ground that the settlement was without his knowledge, and that no provision having been made for the payment of his costs, it was in fraud of his rights. No judgment had been entered in the action; consequently, the defendant's attorney had no vested right to costs therein. Whatever claim he had for his services was against his client on the retainer. It does not appear that the defendant would have succeeded if the case had gone on to trial; consequently, it does not appear that his attorney would ever be entitled to costs in the suit. There are cases holding that a party may not discharge a judgment actually entered, and thus deprive his attorney of his costs in such judgment. But I am not aware that parties may not settle their controversies without consulting the wishes of their attorneys, or even against their wishes, save when judgment has been entered including costs, or where the attorney has obtained a lien on the subject-matter of the action. He gets no such lien under his retainer alone. I think it would be strange, indeed, if a party may not judge

Sullivan agt. O'Keefe.

for himself as to the propriety of a settlement simply because he has employed an attorney to conduct his case for him in the court. He does not lose his right to determine what is best for him because he has engaged an agent to represent and assist him in court. His free agency remains. The servant does not become greater than his lord. Mr. justice STRONG says, in *Shanks* agt. *Shoomaker* (18 *N. Y.*, 489): "There is no case which goes far enough to show that a party who has not obtained a judgment in his favor cannot settle a suit, because it may prejudice the possibility, or even probability, that his attorney might obtain his costs by a future trial and a judgment in favor of his client." The question involved in this motion has been repeatedly and fully considered in several recent cases, although, perhaps, under somewhat different facts from those here presented; in none of them, however, were the facts more favorable to the right of a party to settle without consulting his attorney, than in this; and in all of them has the right to settle been recognized and maintained (*Pulver* agt. *Harris*, 62 *Barb.*, 500; *affirmed in the court of appeals*, 52 *N. Y.*, 73; also *Wright* agt. *Wright, in court of appeals, not yet reported*, 16 *Law Journal*, 88). In these cases the numerous decisions on the subject are cited especially (*See cases cited in Harris* agt. *Pulver*, 62 *Barb.*, *supra*). It is, too, in accordance with public policy to allow parties entire freedom in the settlement of controversies; and no restraint should be placed on them in this regard, save when they have parted with their right to judge and act for themselves in the matter.

In this case there has been a settlement satisfactory to the parties. They are content to have the case dismissed. There is, in fact, no longer a controversy between them. The action should not be continued at their expense, either for the profit or emolument of others.

Motion to discontinue granted.