MARIA McBRATNEY, Respondent, v. THE ROME, WATERTOWN AND OGDENSBURGH RAILROAD COMPANY, Appellant.

17h 385
167a 508

(Two cases, and seventeen other plaintiffs against the same defendant.)

CHARLES A. RICHARDSON, Respondent, v. THE SAME, Appellant.

(Six other plaintiffs against the same defendant.)

JAMES SULLIVAN, Respondent, v. THE SAME, Appellant.

(Four other plaintiffs against the same defendant.)

*Liens of attorneys — when not protected by the court.*

A number of actions against a railroad company were gotten up by one McCarthy, the attorney for the plaintiffs, and one Bonnell, upon an agreement to divide between them the costs, and a considerable part of the penalty to be recovered in such actions, the several plaintiffs consenting thereto, and conveying to McCarthy their rights to such portions of the penalties. After issue joined the defendant's attorney, for the purpose of preventing McCarthy from recovering such costs and portions of the penalties, procured from each of the plaintiffs an instrument, under seal, releasing the defendant from the cause of action and the costs ; and agreeing that the actions be discontinued, and that orders to that effect might be entered on filing the stipulation. Defendant's attorney accordingly entered orders to that effect, without notice to plaintiff's attorney. On a motion by the latter to set aside such orders as irregularly entered, and as entered with intent to cheat and defraud him, *held,* that as the causes of action were not assignable, he acquired no interest in the subject of the actions by his agreement with the plaintiffs, and that the court would not set aside the orders of discontinuance to protect his right to the costs.

APPEALS from orders made at Special Term vacating orders of discontinuance entered in certain of the above entitled actions, and also appeals from orders made by the county judge of Oswego county, setting aside certain orders of discontinuance entered in other of the said actions.

The above mentioned actions were brought to recover penalties under the act, entitled " an act to prevent extortion by railroad companies," passed 27th March, 1857 (chap. 185). They were all

commenced by the same attorney. The defendant appeared in each action and put in an answer. No action has been tried and no judgment has been entered in either of them. After issue was joined the plaintiff in each case executed an instrument in writing, under seal, releasing the defendant, for a valuable consideration, from the cause of action and the costs, agreeing that the actions might be discontinued, and stipulating that an order to that effect might be entered on filing the stipulation. The defendant's attorneys filed the stipulation in the clerk's office, and entered an order of discontinuance in each case without notice to the plaintiffs' attorney, and without notice to the court.

Thereupon, the plaintiffs' attorney moved, upon notice, that the order of discontinuance be vacated and set aside. The grounds of the two motions made at Special Term were, that the orders were irregular, and also that the settlement in each case was collusive and made with the design of preventing the plaintiffs' attorney from obtaining his costs. The decision of the Special Term was based upon the latter ground only. The motion before the county judge was made upon the sole ground that the orders were irregular. Upon the motions at Special Term the plaintiff's attorney alleged in his affidavit, that the stipulations and orders were procured and intended solely for the purpose of attempting to prevent him from recovering his costs ; that the defendant and its attorneys knew that the plaintiffs were irresponsible, and that the deponent's costs were unpaid, and that before the stipulations were made he notified the defendant not to settle or compromise said actions without payment of his costs. In opposition to the motions at Special Term an affidavit was read, made by one of the defendant's attorneys, stating that said suits were a part of many actions gotten up and incited by the plaintiff's attorney, A. McCarthy, Jr., and one Bonnell, on speculation and on agreement to divide the costs and penalties (if any should be recovered) with one another, and that deponent then had in his possession an agreement in writing executed by the plaintiffs' attorney, whereby he agreed that Bonnell was entitled to and should receive, when paid or collected of the defendant, three-fourths of McCarthy's fees or costs, in ten suits therein named against the defendant for penalties (among which are three of the suits embraced in the

Special Term orders above mentioned) up to forty dollars, and one-half of all above that sum, and in the event that the suits were settled before his costs amounted to forty dollars, McCarthy was to have ten dollars in each case and Bonnell the remainder. The said affidavit also stated that the deponent then had in his possession agreements in writing, executed by all of the plaintiffs in the ten suits above mentioned, agreeing that McCarthy should have twenty-five dollars of the recovery of fifty dollars penalty (if a recovery was had), which said shares were subsequently assigned by McCarthy to Bonnell; that in other cases it was agreed that Bonnell was to have one-half of McCarthy's fees and costs, and one-half of the penalties; that in some cases, McCarthy by agreement with the plaintiffs, was to have one-half of the penalty recovered and to pay it over to Bonnell, he, McCarthy, retaining his costs; and that in other cases, McCarthy was to have from the plaintiff one-half of the penalty, and to divide that half with Bonnell. The affidavit further alleged that the defendant's attorney had no knowledge or intimation that McCarthy claimed to have notified defendant not to settle without payment of his costs until they read McCarthy's affidavit; that the stipulations were entered into by defendant's attorneys in good faith, and in most instances upon the application and request of the plaintiff, and for a valuable consideration paid for the purpose of effecting a settlement.

*E. B. Wynn*, for the appellant.

*A. McCarthy, Jr.*, for the respondents.

Smith, J.:

It is apparent from the appeal papers, that the motions to set aside the stipulations and orders of discontinuance in these several actions were made exclusively in the interest of the plaintiffs' attorney. The decision of the Special Term was put upon the sole ground, that the orders and stipulations vacated thereby, deprived the attorney of his costs. The irregularities specified in the motion before the county judge were prejudicial to no one but the attorney, as no question was made in that motion, but that

the plaintiffs had settled the suits for a valuable consideration and in good faith, as between themselves and the defendant, and the orders of discontinuance were in precise accordance with the terms of the settlement. The important question, therefore, is whether the attorney has such an interest in the subject-matter of the litigation, by way of lien for costs or otherwise, as that he may challenge the stipulations and orders of discontinuance for irregularity or on the ground that they are collusive and fraudulent as against himself.

Since the adoption of section 303 of the Code of Procedure, which section is yet in force, the only measure of the compensation of an attorney for his services in an action, is the agreement, express or implied, between him and his client. (*Rooney* v. *Second Avenue Railroad Co.*, 18 N. Y., 368.) If there is an express agreement as to the amount of compensation, which is in all respects lawful and not oppressive towards the client, it controls. In the absence of an express agreement, probably the sum recovered by the party as an indemnity for his expenses would be the measure of compensation allowed to the attorney. (Per HARRIS, J., in the case of *Rooney, supra.*) But whatever the measure of compensation, the attorney has no lien until judgment is recovered, and his lien then is upon the whole judgment, not more upon one part than another. (Id.)

There are many cases in the books where the courts have intervened at the instance of the attorney, even before judgment, to set aside a collusive settlement intended to cheat him out of his costs. But in the recent case of *Coughlin* v. *The N. Y. C. and H. R. R. R. Co.* (71 N. Y., 443), it was said that the practice in those cases was not based upon the principle of a lien; but it was an exercise of the power of the court to protect its officers, adopted at a time when attorneys' fees were fixed and definite sums easily ascertained by taxation. (Per EARL, J., p. 448.) And it appearing in that case that, by agreement between the plaintiff and his attorney at the commencement of the action, the latter was to receive a share of any recovery therein for his services, it was held that the practice above referred to should not be extended to that case, to enable the attorney to reap the benefit of his extraordinary agreement. It was also held, that as the

cause of action was one which in its nature was not assignable, the attorney, by his agreement before judgment, acquired no interest therein. These conclusions were sanctioned by the case of *Pulver* v. *Harris* (62 Barb., 500; *S. C.* affirmed, 52 N. Y., 73). They seem to be applicable to the present case and to require a reversal of the orders appealed from.

According to the statements contained in the opposing affidavits, the greater number of the actions embraced in these appeals were incited and gotten up by the attorney McCarthy, and one Bonnell, and all of them were taken by the attorney and Bonnell as a speculation upon an agreement to divide between them the costs and a considerable portion of each penalty when recovered. The agreement between the attorney and Bonnell evidently contemplated the assent of the several plaintiffs to the arrangement, and it appears, from the opposing affidavit, that in several cases the plaintiffs agreed that the attorney should have one-half of the penalty recovered, and that such half was subsequently assigned by the attorney to Bonnell. The papers used upon the motion justify the conclusion that all the actions included in these appeals, with several others, were incited by McCarthy and Bonnell for their mutual benefit, and that, by agreement between them, they were to divide between themselves the costs and a portion of each penalty when recovered, the several plaintiffs consenting to transfer such portion of the penalty for that purpose.

That the cause of action was not assignable can hardly be questioned. The claim for the penalty is personal to the party paying the excessive fare. The right to sue for it is given to him by the statute and to no one else. (Laws 1857, chap. 185.) The question is now upon the right of action to recover the penalty, and not to recover the money paid for excessive fare. The excess exacted, if not voluntarily paid, could be recovered without the statute. In *Fisher* v. *The N. Y. C. and H. R. R. R. Co.* (46 N. Y., 657) it was said by Grover, J., speaking for the whole court, that "the statute was passed giving the fifty dollars to the party paying the money, not as a satisfaction for the injury received, for that was otherwise compensated; but to enable him to prosecute in a court of record, where he could recover the compensation of his attorney as costs, and to compensate for any further

expense that might be incurred in the suit, and to compel the payment of such a sum by the defendant as would effectually stop the practice." The fifty dollars is a forfeiture — a penalty. It rests with the party to whom the penalty is given to say whether it shall be sued for or not. He cannot transfer it to another to sue, unless the statute so provides. In general, a cause of action that does not survive the death of the party is not assignable. In *Little* v. *Conant* (2 Pick., 527) it was held that an action of debt for a penalty for cutting and carrying away the plaintiff's trees, contrary to statute, abates by the death of the plaintiff. In *O'Donnell* v. *Sybert* (13 Serg. & R., 54), where the question was whether a claim for a malicious and excessive distress survived, DUNCAN, J., instanced the case of an action on a penal statute as one which did not survive, and his remarks in that regard are referred to approvingly by COWEN, J., in *The People* v. *Tioga C. P.* (19 Wend., 77).

But it is unnecessary to pursue the subject further; the fact that the statute which creates the penalty gives the right to sue for it to the party paying the excessive fare, and to no one else, seems to lead necessarily to the conclusion that the cause of action cannot be assigned.

On both grounds the present case is within the rule laid down in the cases of *Pulver* and *Coughlin*. In each of those cases the fact was found that the settlement was made with intent to defraud the attorney; but as the court held that he had no interest to be affected, the question of intent was immaterial. So here the attorney is not in a position to question the fairness of the settlement. Neither can he inquire into the regularity of the orders of discontinuance on his own account. As against his clients, the orders are in pursuance of their stipulations, and justice will be promoted by allowing them to stand, even if they were irregularly entered. Whether they were irregular or not is an immaterial question, if the views above expressed are correct, and as it is unnecessary to decide it, we express no opinion upon it.

There are also other questions in the case which may be stated but need not be discussed. As has been said, the testimony warrants the conclusion that the actions were gotten up by McCarthy and Bonnell upon an agreement to divide between them

the costs and a considerable portion of each penalty, the plaintiffs consenting thereto. Now, assuming that the attorney had a lien, it is questionable whether his assignment to Bonnell of a portion of the costs, *i. e.*, of his claim for compensation for services, was not an extinguishment or destruction of the lien, at least *pro tanto*. It is also questionable, to say the least, whether the agreement between the plaintiffs, Bonnell and McCarthy, to divide the recoveries between them had not the effect to release what might be recovered, from the operation of the attorney's lien. But it is unnecessary to decide those questions, as we are of the opinion that, upon the authority of the cases above referred to, the orders appealed from should be reversed.

Each of the orders appealed from reversed, without costs to either side.

TALCOTT, P. J., and HARDIN, J., concurred.

Orders in each case reversed, without costs to either party.