Kusterer vs. The City of Beaver Dam.

KUSTERER VS. THE CITY OF BEAVER DAM.

*December 13, 1882 — January 9, 1883.*

ATTORNEY AT LAW. *No lien before judgment, where cause of action not assignable.*

1. A party having a cause of action, in its nature not assignable, cannot by an agreement, before judgment or a verdict thereon, give his attorney any interest therein or in the costs which would be incident to a recovery, which will survive the settlement of the cause of action.

2. So *held*, in an action against a city for personal injuries caused by a defective sidewalk, where the plaintiff had agreed with his attorneys to pay all his own costs and save them from any court costs, to give them one half of the damages recovered and all of the taxable attorney's fees, and not to discontinue or settle the action without their consent, and where the defendant, with knowledge of such agreement and against the protest of such attorneys, paid to the plaintiff personally a sum of money in settlement of the suit and procured from him a release and discontinuance of the action.

APPEAL from the County Court of *Dodge* County.

The case is thus stated by Mr. Justice CASSODAY:

"This is an action for personal injury happening to the plaintiff, January 10, 1880, by reason of a defective sidewalk in *Beaver Dam.* Issue was joined by service of an answer, September 26, 1881, and the cause was noticed for trial and placed upon the calendar of the term commencing December 6, 1881, on which day the cause was set down for trial January 4, 1882. December 6, 1881, the plaintiff's attorneys, E. P. Smith and J. J. Dick, served upon the mayor of the city, W. C. Griffis, a copy of an agreement between them and the plaintiff, made April 24, 1880, whereby the said attorneys agreed to prosecute the action to final judgment and conviction with their best efforts, and in consideration therefor the plaintiff agreed to and with them, and thereby promised, ' to give to them one half of the damages recovered

in said action, and all the taxable attorney's fees, and to pay all his own costs,' and further, that said attorneys should be at no court costs whatever; and the plaintiff further agreed not to discontinue the action nor settle the same without the consent of said attorneys. December 10, 1881, the defendant, without the knowledge or consent of said attorneys, paid to the plaintiff $300, and procured from him a release and discontinuance as follows:

" '[Title of cause.]

" 'Received of the city of Beaver Dam $300, in full for all actions, causes of actions, claims, demands, suits, costs, expenses, and rights of action of every name and nature, to date, for damages sustained or injuries suffered, and I do hereby discontinue and release and stop all proceedings or actions which I have now pending against said city, and neither party shall recover costs against the other. Witness my hand and seal this 10th day of December, 1881.

" 'SIMON KUSTERER. [Seal.]

" 'W. C. GRIFFIS.'

" January 4, 1882, the day so fixed for said trial, the case was called for trial, whereupon the defendant obtained from the court an order granting leave to the defendant to file a supplemental answer in said cause, setting up such release and discontinuance, and that the cause stand for trial at the same term, to wit, March 8, 1882; to which order the plaintiff's counsel then and there excepted. January 9, 1882, such supplemental answer was filed in the cause, setting up said release and discontinuance, and giving a copy thereof, and demanding judgment of the dismissal of the action. · On the trial, the facts above' stated being made to appear to the court, a jury having been waived by the parties in open court, the court, against the objection of the plaintiff's said attorneys, ordered the action to be dismissed; and from the judgment entered thereon this appeal is brought."

For the appellant there were briefs by *J. J. Dick* and *E. P. Smith*, and oral argument by *Mr. Smith:*

1. The attorney has a lien upon a judgment for his services and disbursements. And where he has a written contract for compensation his lien extends to the *cause of action*, and such lien cannot be defeated by payment or settlement, without his consent, even before judgment. The contract in this case amounted to an equitable assignment of the judgment. *Howard v. Osceola*, 22 Wis., 453; *Courtney v. McGavock*, 23 id., 619; *Rice v. Garnhart*, 35 id., 282; *Rooney v. Second Ave. R. R. Co.*, 18 N. Y., 368; *Brown v. Mayor*, 9 Hun, 587; *Wright v. Wright*, 70 N. Y., 98; *Marshall v. Meech*, 59 id., 140; 1 Wait's Act. & Def., 454; *Patten v. Wilson*, 34 Pa. St., 299. Where an action is compromised, the lien attaches to the amount compromised for. In this case the defendant had notice of the lien. *Brown v. Mayor*, 11 Hun, 27. There can be no doubt of an attorney's right to contract for specific compensation out of the possible avails of a suit in which he is retained. *Ryan v. Martin*, 16 Wis., 59, and cases cited in note; *Allard v. Lamirande*, 29 id., 502; *Wright v. Tebbitts*, 1 Otto, 252; *Trist v. Child*, 21 Wall., 450. The courts will not sanction a settlement made in deliberate fraud of rights so obtained, and of attorneys who have, to defendant's knowledge, devoted valuable services on the faith of their employment and of the contract. *Omerod v. Tate*, 1 East, 464; *Reed v. Dupper*, 6 Term, 361; *Wright v. Wright*, 7 Daly, 62; *Wilkins v. Batterman*, 4 Barb., 47; *Hoffman v. Vallejo*, 45 Cal., 564; *Jones v. Morgan*, 39 Ga., 310; *Robertson v. Shutt*, 9 Bush (Ky.), 659; *Selleck v. Phelps*, 11 Wis., 380; *Martin v. Hawks*, 15 Johns., 405, and cases cited; *Wilber v. Baker*, 24 Hun, 24. See, also, *People v. Hardenburg*, 8 Johns., 335; *Pinder v. Morris*, 3 Caines, 165; *Chapman v. Haw*, 1 Taunt., 341; Weeks on Attorneys, 623; *Coughlin v. Railroad Co.*, 8 Hun, 136. The doctrine applies equally to a settlement before or after judgment; and it makes no difference that the action is for unliquidated damages. *Ras-*

*quin v. Knickerbocker Stage Co.*, 12 Abb. Pr., 324; *Dietz v. McCallum*, 44 How. Pr., 493; *Keenan v. Dorflinger*, 19 id., 153; *Smith v. C., R. I. & P. R. R. Co.*, 51 Iowa, 720; *Courtney v. McGavock*, 23 Wis., 619; *Patten v. Wilson*, 34 Pa. St., 299. This is a cause of action which survives and hence is assignable. *Woodward v. C. & N. W. Railway Co.*, 23 Wis., 405; *McArthur v. G. B. & M. Canal Co.*, 34 id., 153; *Webber v. Quaw*, 46 id., 118. 2. This contract cannot be revoked by the plaintiff. It is something more than an equitable assignment. The attorneys had an interest in the subject matter in litigation in the execution of the authority. 1 Wait's Act. & Def., 289. The contract was a power of attorney coupled with an interest, which interest was the subject of the contract. And whether such interest was assignable or not, yet the courts will protect the rights of the attorneys, and, if necessary, will compel a specific performance of the contract. *Hunt v. Rousmanier*, 8 Wheat., 174, 217; Paley's Agency, 187, note; 7 Fed. Rep., 562; 2 Kent's Comm. (11th ed.), 644. 3. By the supplemental answer all former pleas were waived. *Adams v. Filer*, 7 Wis., 306; *Adler v. Wise*, 4 id., 159. Plaintiff's attorneys are therefore entitled to have a recovery for at least the amount paid to the plaintiff. *Coughlin v. N. Y. C. & H. R. R. R. Co.*, 8 Hun, 136. And in any event, they are entitled to recover the taxable costs of the action. *Marshall v. Meech*, 51 N. Y., 140; *Davidson v. Alfaro*, 16 Hun, 360; *Perry v. Chester*, 53 N. Y., 244; *Carpenter v. Sixth Ave. R. R. Co.*, 1 Am. L. Reg. (N. S.), 410; *Dietz v. McCallum*, 44 How. Pr., 493. 4. The practice of proceeding with the trial of the case was correct. *Howard v. Osceola*, 22 Wis., 453; *Coughlin v. Railroad Co.*, 8 Hun, 136; *Talcott v. Bronson*, 4 Paige, 501.

For the respondent the cause was submitted on the brief of *Lander & Lander.*

CASSODAY, J. There is no claim that the agreement between the plaintiff and his attorneys was champertous,

and we agree with counsel for the plaintiff that it was not within the rule laid down by this court in *Allard v. Lamirande*, 29 Wis., 502. A single question is, therefore, presented for determination. In an action against a city for personal injury, happening by reason of a defective sidewalk, where the plaintiff had agreed with his attorneys to pay all his own costs and save them from any court costs, and give to them one half of the damages recovered and all the taxable attorney's fees, and not to discontinue the action, nor settle the same without their consent, in consideration of their agreement to prosecute the action to final judgment with their best efforts, and they do so prosecute, can the defendant, with knowledge of such agreement and performance, and against the protest of such attorneys, relieve itself from all further liability by paying to the plaintiff, personally, a sum of money in settlement of suit, and procuring from him a release and discontinuance of the action?

In *Howard v. Osceola*, 22 Wis., 454, it was held that an attorney who has rendered services, and advanced money or made himself liable for the costs, in an action commenced by him *on a town order in his hands*, has a lien upon the order for the amount; and a judgment of discontinuance of the action, upon the ground that the case had been settled by the parties in disregard of such lien, was reversed to enable the plaintiff's attorney to collect the costs of the action and his fees.

In *Courtney v. McGavock*, 23 Wis., 622–3, Judge Dixon, speaking of the attorneys having a "lien upon the cause of action," said: "We are satisfied that independently of an agreement to that effect between the plaintiff and his attorneys, of which the defendant has received notice, no such lien attaches before judgment to a claim for unliquidated damages of this nature. The authorities on this point seem to be very clear. . . . And even after judgment it seems that it is necessary for the attorney to give notice of his lien,

and that he insists upon it in order that he may be protected against a settlement in good faith, or one not made for the purpose of depriving him of his costs and disbursements. But where the action is founded upon a contract in writing, or instrument for the payment of money, which contract or instrument is in the possession of the attorney, there the lien attaches before judgment, from the moment the defendant has notice of the employment of the attorney, or from the commencement of the action, and any settlement made by the parties, without discharging the fees of the attorney, is deemed as to him so far fraudulent and void."

In *Shank v. Shoemaker*, 18 N. Y., 489, the plaintiff had recovered a judgment for a penalty, and pending an appeal from the judgment the statute imposing the penalty had been repealed, and thereupon the plaintiff settled with the defendant without the knowledge of his attorneys or his knowledge of such repeal. A motion to dismiss the appeal was granted, and the court said: "There is no case which goes far enough to show that a party who has not obtained a judgment in his favor cannot settle a suit because it may prejudice the possibility, or even probability, that his attorney might obtain his costs by a future trial and a judgment in favor of his client."

In *Pulver v. Harris*, 62 Barb., 500; *S. C., affirmed*, 52 N. Y., 73, the plaintiff recovered judgment for personal injury from an assault and battery, and assigned to his attorney a lien upon the judgment and cause of action as security for his costs, fees, and advances in the case, of which the defendant had notice, and which judgment was reversed on appeal, with costs to abide the event; whereupon the plaintiff, without the knowledge or consent of his attorneys, and for a sum received in settlement, released and discharged the defendant from the cause of action sued upon, and authorized a discontinuance, and it was "held that, so far as the judgment was concerned, by its reversal the assignment be-

came a nullity, and the cause of action was not assignable; that the provision in the order granting a new trial, making the costs to abide the event, did not aid the attorney, as it still remained subject to the plaintiff's control, whether the cause should again be tried, and that, therefore, the attorney, as against defendant, had no lien, either legal or equitable, which could affect the settlement." It was further held that the defendant had an absolute right to an order of dismissal without terms or conditions. That case was followed in *Coughlin v. Railroad Co.*, 71 N. Y., 443, reversing *S. C.*, 8 Hun, 136, where the plaintiff made an agreement with his attorneys similar to the one in question (except that the attorneys were to furnish the money necessary to carry on the case), and notice thereof was given to the defendant at the time of the commencement of the suit. The plaintiff thereafter, and without the knowledge of his attorneys, received from the defendant a sum of money in settlement of the claim. It was there held, by the court of appeals, that " a party having a cause of action, in its nature not assignable, cannot, by an agreement before judgment or a verdict thereon, give his attorney any interest therein." To the same effect are *McBratney v. Railroad Co.*, 17 Hun, 385; *Quincy v. Francis*, 5 Abb. N. C., 286; *Sullivan v. O'Keefe*, 53 How. Pr., 426; *Swanston v. Morning Star Mining Co.*, 13 Fed. Rep., 215.

It is very clear that under our statute (sec. 4253, R. S.) the cause of action was not assignable. *Randall v. N. W. T. Co.*, 54 Wis., 140. For the reasons given, we adopt and follow the rule above quoted from 71 N. Y., 443. The question above put must, therefore, be answered in the affirmative. Impressed with the equity of the claim on the part of the attorneys for the plaintiff, we have carefully reviewed many decisions, with the view, if possible, to protect them, at least to the extent of the taxable costs; but as the cause of action was not assignable, and hence remained, prior to

judgment, under the absolute control of the plaintiff, and since costs were merely incident to recovery upon the cause of action, it logically follows that the attorneys had no vested interest, even in such costs, which could survive the settlement of the cause of action. Whatever claim they had for services was against their client on their contract with him. Besides, it is to be observed that that contract is purely executory in its nature. It did not in terms purport to vest any present interest in the cause of action or costs at the time of its execution. By it the plaintiff in terms merely "agreed" and "promised" to give one half of the damages and "all the taxable attorney's fees." The observations of the court on that point in *Coughlin v. Railroad Co., supra,* are, therefore, peculiarly applicable and need not be repeated:

*By the Court.*— The judgment of the county court is affirmed.