ROBERT CHRISTY *against* CAROLINE E. PERKINS, EXECUTRIX, AND ANOTHER.

(Decided December 6th, 1875.)

Before judgment an attorney has no lien on a claim in suit for his costs, and where a settlement is made between the parties without his knowledge, the court will not prevent it from being carried out, unless it was made collusively with the design of defrauding the attorney.

Where, before judgment, a settlement was made between the parties, the court being satisfied that it was not made collusively, or with intent to defraud the plaintiff's attorney, allowed the defendants to put in a supplemental answer setting up the facts of the settlement.

APPEAL by plaintiff from an order of this court, made at special term by Judge LARREMORE, allowing the defendants to serve a supplemental answer, setting up a settlement and satisfaction of the claim sued on, made after the commencement of the action.

The facts are stated in the opinion.

*John Brooks Leavitt*, for appellant.

*Julien T. Davies* and *Edward B. Hilton*, for respondent.

CHARLES P. DALY, Chief Justice.—There is no ground for this appeal. An attorney has a lien upon the judgment or the amount awarded to his client for his services, and where the defendant, after the recovery of the judgment, and after notice of the attorney's lien, collusively settles with the plaintiff, the court will enforce the judgment to the extent of the attorney's lien (*Ward* v. *Wordsworth*, 1 E. D. Smith, 598). There are cases which recognize the equitable right of the attorney to have his claim for his services protected by the court against any collusive settlement between the defendant and the plaintiff, even before the judgment, and in which the attorney has been allowed by the court to go on, enter up judgment, and enforce it to the extent of his claim for costs (*Swaine* v. *Senate*, 5 Bos. & Pul. 99; *Toms* v. *Powell*, 6 Espin. 40). But the court interposes only in such cases where it is manifest upon the facts, that the settlement between the defendant and the plaintiff was collusive and fraudulent; that is, made with an obvious intent to cheat or deprive the plaintiff's attorney of his costs. Thus, in *Swaine* v. *Senate* (*supra*), which, I think, was the first of these cases, the interference of the court was put expressly upon that ground. Chambers, J., in that case,

said that the fraud was apparent upon the face of the transaction; that no inducement was stated for the plaintiff to accept so much less than his due, unless it were done with a view to cheat the plaintiff's attorney out of his costs, in which object, he said, the defendant's attorney had co-operated. Rook, J., said, that where the plaintiff and defendant league to cheat the attorney, the court was authorized to interfere; that that was the question involved in that case, and that, from the circumstances, it appeared to him that the transaction was a fraudulent attempt to deprive the attorney of his costs; and Sir James Mansfield thought that the object of the transaction was to deprive the attorney of his costs, and as the payment was fraudulent and collusive, the attorney ought to be allowed to proceed to the recovery of his costs. That this is the ground and the sole ground of the interference of the court to protect the attorney's claim before judgment, appears from the case of *Chapman* v. *Haw* (1 Taunt. 34), where the offer to compromise was made by the plaintiff, if the defendant would pay him the amount claimed and a guinea towards the costs, saying that he would himself pay the rest of the costs; and the plaintiff having sworn that if the attorney had applied to him, he was at all times ready to pay the costs, the court held that there was no fraud upon the attorney, and would not allow him to proceed to enforce the judgment to the extent of his claim for costs.

In *Owen* v. *Mason* (18 How. 156), Judge Mullen refused to set aside the inquest where the defendant settled with the plaintiff after notice to the defendant from the plaintiff's attorney, forbidding the settlement, except with him; but this was a special term case, in which the authorities do not seem to have been examined—at least, none are cited; and in *Keenan* v. *Dorflinger* (19 Id. 155), which was also a special term case, Judge Clerke is reported to have held that the lien of the attorney for his compensation attaches to the claim itself, and exists from the commencement of the action to the judgment; but he cites no authority. This is going farther than the cases by which this practice was originally established warrants, and is unsupported by the reasons upon which the attorney's equitable claim

or lien upon the amount recovered was originally recognized and enforced by legal tribunals (see *Ward* v. *Wordsworth* (*supra*), in which all the earlier authorities are collected and examined), and is in conflict with what was held in *Pulver* v. *Harris* (52 N. Y. 73); *Kirby* v. *Kirby* (1 Paige, 565); and *Shank* v. *Shoemaker* (18 N. Y. 489). In the present case, the defendant's attorney was served with notice by the plaintiff's attorney and counsel, that they had a lien for costs and fees as counsel, and that no settlement in the case was to be made with the plaintiff, but only with the plaintiff's attorney—which notice was served about April 8, 1874, and the settlement with plaintiff by the defendant was made on the 2d of February following. It appears by the affidavit of one of the defendants, that the plaintiff went to him after the trial, when there had been a failure to obtain a verdict through the disagreement of the jury, and proposed to settle, and after calling many times upon the defendant, who was an executor of the parties with whom the contract was made, the plaintiff offered to settle the whole matter with the defendant for $250; and the executor swears that, with a view of getting rid of the plaintiff's repeated applications, and from his, the executor's, desire to close up the whole matter, he finally, after consultation with his co-executrix, agreed to pay the plaintiff $300 in full settlement of the claim, upon the plaintiff's promise that he would go to his lawyers, and out of the $300, try and settle with them. The executor also swears that he asked the plaintiff if he settled the case on account of his poverty, and that the plaintiff answered that he did not; that he, the executor, never used any deception, nor made any misstatements, nor did he seek, nor first propose the settlement, and that he made it in good faith, after plaintiff proposed to pay his own lawyers out of the amount which he received, which it appears was $50 more than the plaintiff had originally consented to settle for. The executor further swore that he would never have made the settlement, if he had not believed and expected that such settlement would be the end of the whole matter, and that, out of the proceeds, the attorneys for the plaintiff would be paid.

The notice of the attorney's lien is dated on the 8th of April, 1874, and entitled in the suit as it existed before the de-

fendants were made parties as executors of the person with whom the contract was made. It does not appear from anything stated in the affidavit that this notice was served upon the executor who made the settlement, after he became one of the defendants; or that he had any knowledge of the service of any such notice upon the defendants' attorney in the suit.

It is charged in the plaintiff's attorney's affidavit that the settlement was made with the plaintiff fraudulently to avoid the payment of any costs; that the plaintiff is irresponsible, old, and hardly better than a pauper; and that he, the attorney, believes the defendants knew these facts. The defendants' affidavit, however, meets this allegation of the attorney's belief by the statement that he expressly asked the plaintiff whether he " settled this case to put bread and butter in his mouth, or on account of poverty," and that the plaintiff replied that he did not. In view of the facts that the executor, Bradley, was merely acting in the matter as the representative of a personal estate of the original defendant, and that he was induced to make this settlement after the plaintiff had called upon him, as he testifies, more than two dozen times, proposing to settle, and as he made it with the express understanding and promise of the plaintiff that his lawyer would be paid out of the money received, which was $50 more than the plaintiff was willing to settle for, I do not see how we could hold judicially that the settlement was collusive and fraudulent for the purpose of depriving or cheating the attorney and counsel out of their claim for their services, and unless this is shown there is no doubt of the rights of the parties to settle before judgment, for, in the language of Judge S. P. Strong, in *Shank* v. *Shoemaker* (18 N. Y. 490), " There is no case which goes far enough to show that a party who has not obtained a judgment in his favor cannot settle a suit, because it may prejudice the possibility, or even probability, that his attorney might obtain his costs by a future trial, and a judgment in favor of his client."

The order below should be affirmed.

JOSEPH F. DALY, J., concurred.

Order affirmed.