Sanford, J.—[After stating facts.]
After a careful examination of the various orders and proceedings affecting the petitioner’s claim, I feel constrained to overrule the exceptions to the referee’s report, filed on behalf of the assignee in bankruptcy; and to hold that the petitioner is entitled to the relief for which he asks. The application seems to have been opposed by the receiver, mainly upon the ground of an insufficiency of funds ; and by the assignee, on the ground that the court has no jurisdiction or authority to direct such payment.
I tbtnk the receiver must be held responsible, notwithstanding the facts asserted in his opposing affida vit, for a sum sufficient to discharge the petitioner’s claim ; and I cannot regard the question of the authority of the court to make the order applied for as an open one, in view of the express provisions of the order of reference, and the opinion of the late Chief Justice Monell, on the motion, decided June 8, 1870. The court has repeatedly refused applications on behalf of the assignee, tending to subject the cause and the fund in court to his control, without making suitable provision for the payment of the fees of the attorneys and counsel of the respective parties, and of the receiver. The power thus exercised is not derived from the provisions of the Code, with respect to allowances, but is inherent in the court as an element of its equitable jurisdiction.* I have the less hesitation in granting the petitioner’s application, inasmuch as there can be no doubt that an appeal will lie at the instance of either *424 the receiver or of the assignee ; while if the application were denied, it is at least doubtful whether the claimant may not be remediless. The referee’s fees should be paid from the fund. The amount reported in favor of the claimant, less the sum of $100 already paid to him by defendant, should then be paid; the order should direct the receiver to make such payment; but, if for any reason the claimant should not succeed in thus realizing the amount due him, the assignee should be directed to make good any deficiency. The form of the order may be settled upon notice.
Proceedings on the part of the claimant to enforce payment under the order to be entered, may be stayed pending an appeal to the general term, if such an appeal be duly taken.

 See Downing v. Marshall, 37 N. Y. 380 ; Atty. Gen. v. Moore, 19 N. J. Eq. 503.