Robinson, J. [After stating the facts.]
The attorney in the action has not been superseded in his authority to enforce and collect the judgment, and, when collected, he would have a lien upon the amount due him from his client for professional services rendered him. But such equitable lien is superseded by the statute of set-offs (Nicoll v. Nicoll, 16 Wend. 446, in court of errors), and is no bar to the right of set-off of one judgment against another.
Some cases suggest a distinction between one presented by an action directly brought to effect such set-off, and a mere motion for that purpose, but I can perceive no ground for any contrariety of decisions. ‘ ‘ Equitas sequitur legem. ’ ’
Whatever lien in favor of the attorney might attach to the judgment when recovered, it was subordinate to the right of set-off which the defendants had previously acquired as against his client. He who is “prior in tempore, potior est injure,” without transfer of some interest in the claim to the attorney, and notice given by him of his interest, the plaintiff may settle the suit, notwithstanding it may prejudice the possibility or *283 probability that Ms attorney might obtain costs of a future trial and a judgment for costs in favor of Ms client (Shank v. Shoemaker, 18 N. Y. 490 ; Wade v. Orton, 12 Abb. N. S. 444; Pulver v. Harris, 52 N. Y. 73). So also other parties may acquire legal rights of set-off, as against the demand in suit, without regard to such future lien of the attorney.
In the present case, before any such lien accrued, these defendants had acquired the right of their co-defendants to the costs, ensuing from a dismissal of the complaint as against them.
For these reasons I am of opiMon the set-off sought for should be allowed, and the motion is granted without costs.