McAdam, C. J.
I concur on the authority of Tunstall v. Winton (31 Hun, 219; affirmed in 96 N. Y., 660), which in effect overrules-the decision in Hoyt v. Godfrey (11 Daly, 278). I believe the principle laid down by Judge Hyatt to be the correct one; and to be in accordance with the controlling authorities upon the subject.
Order reversed, with costs.
*23 Note on Attorney’s Lien.
[Affording a clue to the most recent and important authorities.]
I. The existence of the lien.
1. Common law doctrine.
2. Counsel.
3. Papers and documents.
4. Moneys received.
6. Judgment.
6. Award, fine, motion costs.
7. Cause of action.
8. Defendant’s attorney.
9. Extent:
(а) In general.
(б) Under Code Civ. Pro., § 66, as amended.
10. Assignment.
11. Waiver or discharge.
1. Gommon IojW doctrine.] “After judgment, the attorney who has procured it has a lien upon it for his costs. This lien is upheld upon the theory that the services and the skill of the attorney have procured the judgment. There is then something upon which the lien can attach, and the courts uphold the lien hy an extension to such cases of the principle which gives a mechanic a lien upon a valuable thing which by his skill and labor he has produced.” Coughlin v. N. Y. Central, etc., R. R. Co., 71 N. Y., 443, 448.
One who was not an attorney agreed with plaintiffs to establish by legal ■decisions or otherwise that certain duties exacted, of plaintiffs by collectors of customs were illegal, he to proceed at his own expense, and to receive as his compensation one-half of the recovery. He, and after his death, his executrix, employed, and, from time to time substituted, attorneys in actions in the name of the plaintiffs and was allowed by them to control the proceedings until the recovery of a judgment in their favor. Held, that the contract and the services rendered gave him and his executrix a lien upon the judgment, and a motion for substitution of the attorney selected by the executrix was granted only upon condition of payment to her of one-half the amount of the judgment, but without prejudice to the plaintiffs’ right to recover at law such part of the sum paid as they could show themselves entitled to, the Court refusing tó determine, by any proceeding which could not be reviewed, the amount of the lien. U. S. Circ. Ct., S. D. of N. Y., Dodge v. Schell, 10 Abb. N. C., 465.
The Court in Dodge 13. Schell said : “If Douglas [plaintiffs’ agent] had been an attorney the agreement and services would have created a lien There is no magic in the name ‘ attorney ’ which conjures up a lien. It is the nature of the services and the control, actual or potential, which the mechanical or professional laborer has over the object intrusted to him, .which determines whether a lien is or is not conferred.” p. 470. Compare .a similar case, Hickox v. Elliott, 22 Fed. Rep., 13.
*24 For further applications of this principle, see Matter of Knapp, 85 N. Y., 284; Home Ins. Co. v. Smith, 28 Hun, 296 ; Matter of Hahn, 16 Weekly Dig., 357 ; cases referred to more fully infra.
An attorney represented a claimant before a committee of Congress. An act was subsequent!^ passed for the relief of the claimant, under which a draft on the Treasurer in favor of the claimant was delivered to the attorney, who thereupon refused to surrender it to the claimant until paid for his services. Upon application to the First Comptroller by the claimant for the issue of a duplicate draft, he held that the judicial attributes of lien in favor of attorneys, arising from services in judicial proceedings, cannot spring from services relating to executive functions. An attorney who has possession of a Treasury draft has no technical lien thereon for services rendered in procuring it; and, as between the government and the payee, he has no remedy, either at law or in equity. Di Cesnola’s case, 2 First Comptr. Dec., 142.
2. Counsel.] Counsel, as distinguished from attorney and solicitor, is. said to have no lien. Phillips v. Stagg, 2 Edw., 108; Brown v. Mayor, etc., of N. Y., 9 Hun, 587.
8. Papers and documents.] An attorney has a lien upon a bond and mortgage in his hands for foreclosure, not only for costs and charges in the suit, but for any sum due him from the owner for other professional business, and this lien attaches to moneys collected or received upon the judgment. But one member of a firm of attorneys has no lien for an individual demand upon such papers received by his firm. Bowling Green Savings Bank v. Todd, 52 N. Y:, 489 ; aff’g 64 Barb., 146.
A solicitor who acts for both mortgagor and mortgagee cannot claim a lien upon the title-deeds for costs due him from the mortgagor, so as to entitle him to withhold the deeds from the mortgagee until those costs are paid, although the mortgagee knew that he had such lien as against the mortgagor.. In re Snell, L.R., 6 Ch. Div., 105.
A solicitor who has acted in the administration of an estate is entitled to. retain the papers relating to the estate until he has been paid his costs incurred in such administration; and he cannot be compelled to deliver up the papers to an administrator de bonis non until he has been paid the costs incurred on behalf of preceding administrators. In re Watson, 32 Weekly Rep., 477.
But a solicitor who has formerly acted for all parties in an administration action, but has been discharged, cannot use his lien so as to embarrass the proceedings by keeping papers belonging to the estate under administration, in order to obtain payment of his bill of costs. Matter of Boughton, L. R., 23 Ch. Div., 169 ; s. c., 48 L. T. R., N. S., 413; following Belaney v. Ffrench, L.R., 8 Ch. Appeals, 918.
An attorney’s claim to be remunerated for professional services, rendered to an executrix, in securing the probate of the will, is against the executrix personally, and he, therefore, has no lien therefor upon property *25 of the estate which has come into his possession. So held, upon petition by the executrix to compel the attorney to return to her the property, consisting of railroad bonds, stocks, promissory notes, etc., of which he had obtained possession, but in what manner or for what purpose did not appear. Delamater v. McCaskie, 4 Dem., 549.
Although a solicitor has a lien upon a deed of his client for his costs, he may be compelled, without having his lien first satisfied, to submit the deed to the inspection of a trustee in bankruptcy, although he claims that to do so would render his lien absolutely worthless. Ex parte Bramble, 42 L. T. R., N. S., 413.
The lien of a solicitor of a company upon its books and documents received pending winding-up proceedings, for costs owing by the company, does not extend to books required by law or by the articles and constitution of the company, to be kept in the hands of the directors at the registered office of the company or otherwise. So held upon an application for delivery of books by the solicitor to the liquidator of the company. In re Anglo-Maltese Hydraulic Dock Co., 33 Weekly Rep., 652, 653.
An attorney has no lien upon papers of his client which come into his hands otherwise than in the course of his professional employment. Henry v. Fowler, 3 Daly, 199.
For enumeration of papers subject to attorney’s lien, see N. Y. Daily Reg., March 12, 1878.
4. Moneye received.] A constable sued in replevin for goods taken on execution may employ an attorney to defend the action, and on his death his administratrix, being substituted as defendant, may employ an attorney for the same purpose ; and this being done with the knowledge and without objection of the execution creditor, the proceeds of a judgment finally recovered by the administratrix for the value of the replevined goods are subject to the lien of the attorney for his services in the litigation. Johnson v. Haynes, 37 Hun, 303.
An attorney has a lien upon a sum awarded in favor of his client, as well as if recovered by judgment, and if, after notice to the defendant, the latter pay it over to the plaintiff, the plaintiffs attorney may compel a repayment of it to himself. He is not prejudiced by a collusive release from the plaintiff to the defendant. Ormerod v. Tate, 1 East., 464. See also Matter of Knapp, 85 N. Y., 284 (below).
Attorneys were retained to obtain a remission of a forfeiture of certain property to the United States government. Pending the proceedings, the parties made a general assignment, and the same attorneys were retained by the assignee. Held, that the attorneys had a lien upon the money recovered in the remission proceedings, not only for the value of their services therein, but for their services in certain civil actions and criminal proceedings against their clients by the government, and that their lien was unaffected by the assignment. Ward v. Craig, 87 N. Y., 550.
After recovery of judgment, but before collection, the plaintiff’s attorney died, and his administrator gave his written consent that the plaintiff might *26 receive the proceeds and satisfy the judgment, stating that he was willing to look to plaintiff alone for the share of the proceeds coming to the estate. Held, that the attorney having, by Code Civ. Pro., § 66, a valid lien upon the judgment “and the proceeds thereof in whosesoever hands they may come,” for the value of his services, there had been no waiver or release of the lien, and the proceeds were subject thereto in the hands of the plaintiff ; and that the administrator might maintain an action to declare and enforce the lien upon a bond and mortgage, in which a portion of the proceeds had been invested, and which was then held by an assignee who took it with notice and in bad faith, and without parting with any new consideration. Goodrich v. McDonald, 41 Hun, 235.
Since Surrogates’ courts are courts of record (Code Civ. Pro., § 2), an attorney for a party to a special proceeding in such a court, can enforce payment of his fees out of a sum decreed to be paid to his client. Eisner v. Avery, 2 Dem., 466.
Where, after a receiver was appointed in a State court, an assignee in bankruptcy of the parties sought to conduct and control a pending action in a State court, a motion by the original attorney for payment of counsel fees, etc., out of the fund, was granted. N. Y. Super. Ct., Clark v. Binninger, 1 Abb. N. C., 421.
In an action against a railroad company for money due for land taken for its use, plaintiff stipulated that his attorney should receive Ms agreed fee out of the money due, when the suit was settled. The money was paid into court pending suit. Plaintiff recovered. Held, that the attorney was entitled by force of his contract to recover out of the fund in court the stipulated fee. Canty v. Satterner, 31 Minn., 239. Compare Wingert v. Gordon (Md., Nov., 1886), 7 Eastern Rep., 788.
Although as a general principle an attorney has a lien for compensation for his services upon the fund of his client which may be received by him, such lien does not attach to money delivered; to him by his client for a specific purpose to which he agrees to apply it. Matter of Larner, 20 Weekly Dig., 73.
5. Judgment.] An attorney has no lien upon the judgment of a court not of record, e.g., the decree of a Surrogate’s court, where the services were rendered before such courts were made courts of record. Flint v. Van Dusen, 26 Hun, 606. Otherwise under Code Civ. Pro., § 2, making Surrogates’ courts courts of record. Eisner v. Avery, 2 Dem., 466.
The lien of an attorney, for compensation and disbursements, upon .a judgment, though merged in a transfer to him thereof by his client, is revived upon the transfer being set aside as fraudulent against creditors, notwithstanding Ms participation in the intent to defraud. Swift v. Hart, 35 Hun, 128.
See article by Leonard A. Jones, on an attorney’s special lien on judgments, in 20 American Law Remew, 821 (December, 1886), where the law ■of the different states and territories is noticed, and cases collated.
6. Award, fine, motion costs.] The owners of the equity of redemption *27 of lands mortgaged, part of which had been taken to widen a street, agreed with their attorneys that they should receive a certain share of any increase in the award made for the land taken for then- services in procuring the increase. Held, that the attorneys acquired a lien upon the award by virtue of such agreement, superior to the claim of the purchaser upon a sale in foreclosure of the mortgage, or of his assignee. Home Ins. Co. v. Smith, 28 Hun, 296.
Pending an action for the recovery of money from a municipal corporation for the erection of a building, the plaintiff died, and his executrix thereafter carried on the action as plaintiff, retaining the same attorney. Plaintiff failed in the action, but through the efforts of her attorney, an act of the Legislature was passed, creating a special commission, before which the plaintiff’s claim was prosecuted successfully, and the amount claimed paid by the city to the attorney. Upon a motion to compel the attorney to pay over the sum received,—Held, that the attorney had a lien upon the money in his hands for compensation for his services ; that although the case was not within the letter of § 66 of the Code of Civil Procedure, since the action at law failed, and the money in his hands was not the proceeds of any judgment in an action, still it was within the purpose of § 66, and within the principle of the common law doctrine giving an attorney a lien for his costs and charges upon money received by him in his client’s behalf in the course of his employment,—a right accruing through an implied contract between the attorney and his client. “ The rights of the attorney are not other than they would have been if the same result had followed the judgment of a court of law.” Order of general term, directing payment of certain amount by attorney to petitioner reversed. (Sole point, with full consideration of nature of lien.) Matter of Knapp, 85 N. Y., 284; rev’g 8 Abb. N. C., 308.
It seems that an attorney has a lien upon a fine imposed for a contempt in like manner as if it was a judgment. Woolf v. Jacobs, 45 Super. Ct. (J. & S.), 583.
An attorney has a lien on motion costs ordered in favor of his client, and as the equitable assignee thereof, which lien attaches the instant the costs are due, such costs being collectible under Code Civ. Pro., § 779. N. Y. Super. Ct., Sp. T., 1885, Place v. Hayward, 8 Civ. Pro. R.(Browne), 352.
7. Cause ofaetion.~\ Prior to the amendment of Code Civ. Pro., § 66, by the act of 1879, giving an attorney “ from the commencement of an action or the service of an answer containing a counterclaim,” a lien upon his client’s cause of action, his lien “ did not exist before verdict or judgment, except on the papers in his hands,” McCabe v. Fogg, 60 How.Pr., 488. And to set aside a settlement between the parties before judgment without the consent of the plaintiff’s attorney, fraud or collusion must have been shown. Pulver v. Harris, 52 N. Y., 73; aff’g 62 Barb., 500 ; Wright v. Wright, 70 N. Y.. 96 ; aff’g 41 Super. Ct. (J. & S.), 432 ; Roediger v. Simmons, 2 Abb. N. C., 279 ; Christy v. Perkins, 6 Daly, 237 ; Walsh v. Flatbush, etc., R. R. Co., 11 Hun, 190.
*28 In Pulver v. Harris (above), referring to the appellant’s contention that the attorney had a lien up^on the cause of action, the court said : “ Should such a lien be held valid, it would not be in the power of the parties to settle their controversy until it was satisfied ; and it would he in the power of the attorney to continue the litigation for his own benefit in case of a favorable result, without incurring any liability should it be adverse ” (p. 76).
But under § 66, as amended, it was held that an attorney’s lien for' costs does not attach to a cause of action for assault and battery, so as to prevent a discontinuance of the action without costs where the plaintiff has-forgiven the defendant, and the parties want the further prosecution stopped. An action for assault and battery is not assignable, and a lien cannot attach to it until it has been established by the verdict—when it becomes for the first time certain and vested. Cahill v. Cahill, 9 Civ. Pro. R. (Browne), 241.
Where plaintiff in an action for assault and battery sued as a poor person, hut before trial the parties settled their differences,—Held, when the cause was called for trial, that it should he marked “ settled” ; that Code Civ. Pro., § 66, had no application, since the attorney of a plaintiff suing in forma panpeo'is has no right to compensation till costs are awarded by the judgment, and he can have no lien upon the cause of action. N. Y. Com. Pl., Tr. T., 1881, Quinan v. Clapp, 10 Abb. N. C., 394.
In a proceeding to punish an attorney for misconduct, which iesulted adversely to him, and after an appeal to the Court of Appeals had been perfected, his attorney wrote to him refusing to proceed any further, because of non-payment of his fees, and saying that he would have ample time to procure another lawyer to argue the appeal.'—Held, that the attorney of record had abandoned the case ; that he had no lien upon the costs subse-’ quently awarded by the Court of Appeals upon reversing the order of the court below, because Code Civ. Pro., § 66, did not apply to such a proceeding ; that the costs accrued to the attorney who conducted the appeal, and an order substituting him as attorney of record to enable him to collect the costs was proper. Matter of Hahn, 16 Weekly Dig., 357.
An action for dissolution of partnership and for an accounting being an' equitable action, the question of costs rests in the discretion of the Court, and an attorney cannot have a lien for costs in such an action, under Code Civ. Pro., §66, until the right to them has been determined by the Court. Brewi v. Pfeiffer, 10 Weekly Dig., 203. This principle was applied in an action of foreclosure. Supm. Ct., 1882, Dimick v. Cooley, 3 Civ. Pro.R. (Browne), 141.
8. Pefendant’s attorney.] Under Code Civ. Pro., §66, the lien of an attorney for defendant for costs depends upon defendant’s setting up a counterclaim in the answer. So held, upon affirming an order granting leave to discontinue, without costs, an action for dissolution of partnership, and for an accounting, in which defendant claimed that the accounting would show a balance in his favor, but his answer did not set up a counterclaim. Brewi v. Pfeiffer, 10 Weekly Dig., 203.
*29 The defendant’s attorney has no lien where the claim set up by the defendant does not constitute a cause of action, so as properly to constitute a counterclaim within the meaning of that term, as used in the statute, but is a claim which could only be set up in reduction of the damages which the plaintiff might recover. So held, in ejectment in which defendant set up as a counterclaim a claim to be allowed for taxes and improvements on the property. Pierson v. Safford, 30 Hun, 521.
An attorney who appears and answers for the defendant with notice that the parties have settled since the commencement of the action, acquires no lien for costs, and the plaintiff should be allowed to discontinue without costs. Supm. Ct., Sp. T., 1882, Howard v. Riker, 11 Abb. N. C., 113.
In an action by the receiver of partnership, judgment was rendered for the defendant with costs. He afterwards made a general assignment. His assignee united with him in assigning the judgment to his attorneys, and upon motion of the attorneys, the receiver was directed to pay the amount of the judgment to them. The judgment being for costs alone, presumably belonged to the attorneys of the judgment creditor, and the general assignee took subject to their equities. Supm. Ct., 1882, Matter of Schnitzler, 16 Weekly Dig., 74.
An action against a railroad company terminated in its favor, and a judgment for costs was entered. A receiver of the company, appointed pending the action, collected the judgment.—Held, that he was properly required, upon motion, to refund the amount received, to the company’s attorney. Matter of Bailey, 31 Hun, 608.
9. Extent—{si) In general.] An attorney has a lien on money in his possession collected for his client, to secure a reasonable compensation for professional services and disbursements; and he can retain enough of the money to pay the general balance duo him for such services and disburse ments, although rendered in different suits; and when the client has de ceased before the rendition of judgment, the lien secures charges for services performed for the intestate, as well as those performed for his administrator, who has entered to prosecute. Hurlbert v. Brigham, 56 Vt., 368.
If an attorney has rendered services and expended money in instituting and conducting a suit, and the plaintiff orally agrees that he may retain so much of the avails thereof as will pay Him therefor, and for previous services in other matters, and he thereafter conducts the suit to a favorable conclusion, he has, as against the plaintiff, an equitable lien upon the avails, both for his services and expenses in the suit, and for the previous services covered by the agreement. And if, after such agreement, the plaintiff goes into insolvency, the trustee in insolvency stands in his place and takes the estate burdened by the equitable incumbrance. Cooke v. Thresher, 51 Conn., 105; s. c., 18 Reporter, 613.
Where the same attorney is employed in several actions, and judgment is recovered in one only, that judgment is subject only to the attorney’s lien for his compensation and disbursements in that particular action, since (prior to amendment of § 66, Code Civ. Pro.) no lien arises until recovery of *30 judgment. Brown v. Mayor, etc., of N. Y., 11 Hun, 21. Compare In re United Shepherds’ etc., Co. (Eng. Ch. Div., 1885), 20 Weekly Notes, 15.
An attorney has no lien for or upon an uncollected judgment for services-in other suits, but only a particula/r lien for the costs and compensation due him for services in that cause. In re Wilson, 12 Fed. Rep., 235 ; s. c., 26 Alb. L. J., 271.
A solicitor’s lien in an action for divorce does not extend'to alimony pendente lite paid over to him as such, that is, for the purpose of the wife’s maintenance,- unless he holds her direct written authority to receive it as her agent under the rules of procedure. Cross v. Cross, 43 L. T. R., N. S., 533.
The property of a railroad company having been reclaimed for the benefit of its unsecured creditors upon a creditors’ bill filed on behalf of the complainants, and of all other unsecured creditors who should come in and contribute to the expenses of the suit,—Held, that the solicitors of the complainants, although they had received their agreed compensation from the latter (their immediate clients), had still a lien upon the property brought under the control of the court, for compensation for their services to the other unsecured creditors who filed their claims and received the benefit of the decree. Central R. R. Co. v. Pettus, 113 U. S., 116.
An attorney has a lien to the full amount on a judgment which is exclusively for costs and disbursements, and the payment of the same to the party is wrongful, as the record itself is sufficient notice of such lien. Wright v. Fleming, 10 Weekly Dig., 450.
(b) Under Code Civ. Pro., § 66, as amended.] Where a settlement between the parties to a pending action is made in good faith without the intervention of the plaintiff’s attorneys, and they have been paid their entire costs, they cannot have the settlement set aside, upon motion, upon the ground of their interest to the extent of one-half the recovery by special agreement, unless they had given the defendant notice of their interest before the settlement. Jenkins v. Adams, 22 Hun, 600.
A settlement was agreed on between the parties and the action discontinued before notice of lien of the attorney for his claim was given, but the notice was received by the defendants before they delivered the stock which, by the terms of the settlement, they were to give plaintiff. Held, that to-the extent of the property they still held in their hands they were liable to the plaintiff’s attorney if they paid such property over after such notice. Notice is still indispensable to the protection of a lien for anything more than the taxable costs. N. Y. Com. Pl., Sp. T., 1881, Tullis v. Runkle, 3 Monthly L. Bulletin, 62. To same effect, N. Y. City Ct.. Sp. T., Tooker v. Battin, N. Y. Daily Reg., Dec. 8, 1885. See also White v. Brady, 4 Monthly L. Bulletin, 39.
An attorney has a lien upon his client’s cause of action, and upon the judgment recovered thereon, to the extent of the compensation agreed upon and no notice thereof is required. So held, granting motion to vacate the satisfaction piece filed upon settlement by defendants with the plaintiff privately, without informing her attorney. Brooklyn City Ct., 1880, Lewis v. *31 Day, 10 Weekly Dig., 49. Followed by same court, Sp. T., in Coster v. Greenpoint Ferry Co., 5 Civ. Pro. B. (Browne), 146. See also cases referred to below, under Notice of lien.
10. Assignment.] There is nothing in the lien of an attorney upon a judgment in the nature of a personal trust, and his lien is as freely assignable as any other lien. So held, sustaining the assignee’s action to recover the amount of the lien from the judgment creditor to whom the judgment debtor had paid the amount of the judgment. Sibley v. County of Pine, 31 Minn., 201.
11. Waiver or discharge.] Where an attorney receives from his client-shares of stock as security for professional services, and upon demand of a receiver of his client’s property appointed in supplementary proceedings delivers the same to such receiver with a written notice of his lien thereon, and takes a receipt therefor, he does not thereby surrender or waive his lien. N. Y. Com. Pl., 1885, Corey v. Harte, 21 Weekly Dig., 247; s. c. in full, N. Y. Daily Reg., May 8, 1885.
A solicitor’s lien on a policy of assurance is not lost by want of notice to the obligee, as against assignees who give notice. West of England Bank v. Batchelor, 51 L. J. Ch., 199; s. c., 46 L. T. R., N. S., 132.
Where plaintiff’s attorney was advised of the settlement of the suit between the parties, and he was thereupon paid the amount of his costs and disbursements up to that time,—Held, that all subsequent proceedings on his part were unauthorized. The costs having been paid, a lien cannot be claimed by the attorney for costs under section 66 of the Code. Motion to set aside the settlement between the parties denied. N. Y. City Ct, Sp. T., Terry v. Cooper, N. Y. Daily Reg., Dec. 11, 1883. See also, Goodrich v McDonald, 41 Hun, 235 (above).
II. The protection and enforcement of the lien.
1. Upon discontinuance of action.
2. Upon substitution of attorneys.
3. Upon settlement between parties before judgment.
4. Upon settlement between parties after judgment.
5. Against set-offs. Priority.
6. Enforcement of judgment by attorney.
7. Enforcement of lien on papers or moneys received.
8. Notice of lien.
9. Attorney’s liability.
1. Upon discontinuance of action.] In an action for partition, where plaintiff had agreed to allow her attorney a share of the recovery and .the costs as his compensation, and the parties settled before trial, a motion by the plaintiff for leave to discontinue was granted only upon condition that she pay her attorney a certain sum as a reasonable compensation in addition to the taxable costs and disbursements. N. Y. Super. Ct., 1878, Bryon v. Durrie, 6 Abb. N. C., 135.
*32 After the commencement of a wife’s action for separation, an agreement was made by which she was to return to and live with her husband, and he was to pay the costs and expenses of her attorney. The wife returned to her husband, but he afterwards put in a verified answer to the action, and refused to pay the costs. Upon a motion on behalf of the plaintiff for an •order directing the defendant to pay such costs, made before discontinuance of the action,—Held, that the court had power to grant the order sought, with a direction that upon payment the action should be discontinued. Smith v. Smith, 35 Hun, 378; aff’d in 99 N. Y. 639.
2. Upon substitution of attorneys.] The right of a client to change his ■attorney at his election “is indispensable in view of the delicate and confidential relations which exist between attorney and client, and the peril to the client’s interests engendered by friction or distrust.” When the court’s “ intervention is asked for the substitution of an attorney, the court will hold the client to fair dealing, and will refuse its assistance to any attempt to take an unfair advantage of one of its officers. In this behalf, courts have frequently and usually required the .client to discharge the attorney’s claim for services in the suit as a condition of substitution. But this is merely the exercise of a reasonable discretion, not the application of an inflexible rule.” Wilkinson v. Tilden (U. S. Circ. Ct., S. D. N. Y., 1883), 14 Fed. Rep., 778.
A client has a general right to change his attorney, and a rule for that purpose will be granted, leaving to the attorney the advantage of any lien he may have on papers or money in his hands as security for his fees and disbursements. In re Paschal, 10 Wall., 483.
“ The defendants desire to change their attorney; this they have an undoubted right to do. Any employer may remove his employé at any time, and the only redress the latter has is his remedy for wrongful discharge. * * If the defendants desire the papers in the possession of their attorney they must first discharge his lien, and a reference will be ordered to ascertain and fix its amount. If this relief is not insisted upon, the order for substitution must provide that the taxable costs in the action to the present time (if collected upon a favorable termination of the action) be paid to the present attorney of the defendants, to whom they equitably belong.” McAdam, C. J. (N. Y. City Ct., Sp. T., 1881), on motion for substitution in Prentiss v. Livingston, 60 How. Pr., 380.
The court may, in its discretion, on application of a party, grant a change of solicitors, although the compensation of the present solicitor has not been fixed or paid. Application granted upon payment of the fees and taxed costs with which present solicitor is chargeable, and $100 additional. Laird v. Laird (N.J. Ch., 1886), 3 Atlantic Rep., 339 ; s. c., 2 Central Rep., 219.
A party to a cause in tire Court of Claims may change his attorney, although such attorney holds a power of attorney irrevocable on its face, and coupled with an interest in the recovery. But the attorney has a lien for his disbursements, and for any contingent fees and costs agreed upon. Carver v. U. S., 7 Ct. Cv., 499.
*33 Substitution of attorneys for plaintiff ordered upon the plaintiff depositing §500 in court to the credit of the cause, or upon her filing a bond in the sum. of §500, with two sufficient sureties to be approved of by the Court, conditioned for the payment of all costs and fees in the action which might be due to her present attorney. Supm. Ct., Chamb., Wallace v. Marks, N. Y. Daily Reg., June 6, 1882.
Substitution of attorneys ordered on making the cause of action subject to a lien for the amount of the attorney’s compensation. “If it is agreed what that amount shall be, the amount agreed on can be entered in the order. If not, a reference can be ordered.” N. Y. Super. Ct., Sp. T., Wheeler v. Tracy, N. Y. Daily Reg., Feb. 27, 1888.
Where a solicitor agreed with his client to conduct a suit for a contingent fee, and the client reserved the right to employ another attorney at any time in his stead,—Held, that a substitution would be ordered upon repayment to the solicitor of his disbursements already incurred in the suit, and that the order should contain a condition to protect the solicitor as for a lien for his services upon the cause of action in the event of ultimate recovery by the plaintiff. Wilkinson v. Tilden, 14 Fed. Rep., 778.
In an action for divorce by the wife against the husband, after the proceedings have progressed, and the defendant has become indebted to his attorney in the matter for a large sum, the defendant cannot by the withdrawal of his authority to his attorney annul his further action in the suit. Until the defendant liquidates his claim the attorney has the right to prosecute the proceedings initiated by the defendant. N. Y. Com. Pl., Sp. T., 1879, Robertson v. Robertson, 1 Monthly L. Bul., 85.
8. Upon settlement between the parties before judgment.] In an action for assault and battery, plaintiff recovered judgment, which was assigned to his attorney as security for his costs, and notice of the assignment was given to defendant. The judgment was reversed on appeal, and thereafter, the parties settled, and plaintiff executed a release to defendant, with a stipulation that the action might be discontinued. When the cause was reached for trial, defendant produced the release, but the court disregarded it as in fraud of the attorney’s rights, and the action was tried, and judgment recovered for the plaintiff. Held, that the cause of action, not being assignable, and the reversal of the judgment having placed the cause for all purposes as if no trial had been had, the assignment of the judgment was a nullity, and as plaintiff had no lien upon the cause of action [otherwise now under Code Oiv. Pro., § 66], the settlement between the parties was effectual, and a motion to set aside the judgment afterwards rendered should have been granted. Pulver v. Harris, 52 N. Y., 73.
Section 66 of the Code of Civil Procedure is not designed to prevent litigants from fairly settling them suits without their attorneys’ assent, but simply to protect attorneys from being deprived of their compensation by settlements which deprive them of the means to recover it. Hence, a settlement made in good faith by the parties will not be set aside at the instance of the attorney of one of them where it appears that the sum agreed to be *34 paid under the settlement to his client exceeds the amount necessary to satisfy his lien, and especially where the opposite party has offered to pay his claim directly to him. Matter of Tuttle, 21 Weekly Dig., 528.
By § 66, “ no new remedy is provided for the enforcement of the lien, and in order to make it available in the case of a settlement before judgment, the attorney, while he need no longer prove fraud or collusion, must still go on with the litigation until judgment, which is to be perfected for costs only.” Freedman, J., upon denying motion to compel payment by order (Super. Ct., Sp. T., 1880), in McCabe v. Fogg, 60 How. Pr., 488.
In an action for services, defendant, after the joinder of issue, paid the plaintiff in full and, upon motion, procured^an order at a special term discontinuing the action and striking it from the calendar. The motion was opposed by the plaintiff’s attorney on his own affidavit, and in his own interest, and he appealed from the order. The order was affirmed, the court holding : “It has not yet been decided, so far as we know, that the parties to an action cannot settle the same without the consent or intervention of their attorneys, and certainly no principle of justice or public policy can be violated by permitting such settlement. If the attorneys have a lien on the cause of action or counterclaim, they may pursue it in the proper way.” The court also say that the practice in some cases in England and here, permitting attorneys to proceed and try the cause for the purpose of collecting their fee where their clients made collusive settlements to cheat them, is based on no principle, and has been carried quite far enough. There was no evidence of fraud or collusion in this case. Roberts v. Doty, 31 Hun, 128.
Where an agreement has been made between a plaintiff and his attorney by which the latter is to receive a share of the recovery and his costs and allowances, in lieu of all charges for his services, his interest in the action cannot be affected by any compromise that may be made between the plaintiff and defendant; and in case a settlement be made by them, the attorney is entitled to proceed with the action without first obtaining leave so to do from the court. Forstman v. Schulting, 35 Hun, 504 ; overruling Goddard v. Trenbath, 24 Hun, 182.
Oonira, that the attorney must still procure consent of the court before he can proceed with the action to enforce his lien. Supm. Ct., 1882, Dimick v. Cooley, 3 Civ. Pro. R. (Browne), 141. And see, also, Murray v. Jibson, 22 Hun, 386 ; Tullis v. Bushnell, 65 How. Pr., 465 ; s. c., 12 Daly, 217.
Under Code Civ. Pro., § 66, as amended, “if a settlement is made before issue joined, and is pleaded as a defense, the plaintiff’s attorney should move for leave to prosecute the action to judgment in enforcement of his lien, and thus avoid the defense which, so far as the lien is concerned, is unaffected by the settlement.” McAdam, C. J. (N. Y. City Ct., Sp. T.), in Smith v. Baum, D. Transcript, Aug. 22, 1884.
Where defendant’s answer set up a release executed by plaintiff after action begun,—Held, that the remedy of plaintiff’s attorney was not by motion to strike out the release as in derogation of his lien, but to move for *35 an order giving him leave to prosecute the action, and if a verdict was recovered, to enforce the judgment so far as his costs were concerned, notwithstanding the release. Marine Ct., Sp. T., 1881, Kehoe v. Miller, 10 Abb. N. C., 393, n.
Where after issue joined, the parties settled, and the fact was not pleaded in defense,—Held, that the settlement did not affect the lien of the plaintiff’s attorney on the cause of action, and he might proceed with the action in the ordinary way ; but that his lien could not be enforced upon a mere motion to compel defendant to pay the attorney’s costs and counsel fee, or that he have judgment therefor. Smith v. Baum, D. Transcript, Aug. 22,1884.
An order allowing an attorney to continue the action for his own benefit does not determine any of the issues raised by the pleadings, but is a mere license to proceed. It does not even determine that the attorney is entitled to recover from his client the sum he claims. Kipp v. Rapp, 7 Civ. Pro. R. (Browne), 316.
After an action for breach of promise was begun the parties married. Although the statute provided that no person should be at liberty to satisfy his suit until his attorney’s lien was paid,—Held, that the plaintiff’s attorneys could not carry on the case to recover their fees. Their only right of lien was dependent on the contingency of plaintiff’s death or marriage, and they lost that right by her marriage. Harrison v. Tison, 63 Ga., 629
After issue joined in an action by a wife for separation from her husband, the wife returned to her husband and continued to live with him. Thereafter the plaintiff’s attorney, in the name of the wife, noticed a motion for counsel fee for services in the action. Held, that he had mistaken his remedy, the settlement not being shown to have been made in bad faith with intent to defraud the attorney ; he should in his own behalf notice his motion or bring his action to enforce his claim, if he has any, against the defendant. Chase v. Chase, 29 Hun, 527.
Where plaintiff’s attorneys entered judgment by default in ignorance of a settlement between the parties, it seems, that upon a motion for leave to issue execution for the amount of the attorneys’ lien, its amount and validity-may properly be determined by ordering a reference to take proof and report on the subject, giving the defendant opportunity to be heard and to present testimony. Brooklyn City Ct., Sp. T., 1884, Coster v. Greenpoint Ferry Co., 6 Civ. Pro. R. (Browne), 146.
Where plaintiff agreed to give her attorneys one-half of the claim as compensation for their services, and afterwards, without their knowledge, released the defendant from the claim, and they prosecuted the action for their own benefit,—Held, that the judgment should be in the name of the plaintiff for one-half of the amount of the claim established. Eberhardt v. Schuster, 10 Abb. N. C., 374.
Where a foreclosure [an equitable action in which costs are discretionary] is settled by the plaintiff without regard to the attorney’s lien, the attorney should, in equity, be required to proceed against the client and to enforce his lien upon her papers, before he is permitted to prosecute the *36 action against the defendant, if fault is not attributed to defendant. Supm. Ct., 1882, Dimick v. Cooley, 3 Civ. Pro. R. (Browne), 141.
The client who has settled the claim in suit, and consented to the entry of an order discontinuing the action, cannot have the order set aside because the settlement was made in disregard of her attorney’s lien. McBratney v. Rome, W. & O. R.R. Co., 87 N. Y., 467. Otherwise if the settlement is. in the nature of a fraud upon the plaintiff. Voell v. Kelly, 64 Wisc., 504.
4. Upon settlement between parties after judgment ] The remedy of' the attorney, where his client executes a satisfaction of the judgment in disregard of his lien thereon, is to move to vacate the satisfaction so far as it affects his lien, and for leave to issue execution for the amount of his lien which if it cannot be agreed upon, may be ascertained by a reference. Ward v. Wordsworth, 1 E. D. Smith, 598 ; Lawrence v. Lynch, N. Y. Daily Reg., Aug. 16, 1883.
An order denying a motion to vacate the satisfaction of a judgment, for the purpose of enforcing the lien of the attorney, is appealable. It is an order made in a summary application after judgment, and in a matter affecting a substantial right. Ward v. Wordsworth (above). But compare, as to the attorney's right to appeal, Martin v. Kanouse, 2 Abb. Pr., 390.
Plaintiff’s attorneys having a lien upon the judgment recovered in the state court, a decree was subsequently procured in the federal court enjoining the collection of the judgment. Prior to the decision, however, the parties made a settlement between themselves whereby the judgment was to be canceled. Held, upon application of the plaintiff’s attorneys, before the entry of the decree, that they should he made parties to the suit, in order that they might appeal if they desired to do so ; but that they could not be permitted, because of their client’s misconduct, to re-open the case for taking further testimony. U. S. Circ. Ct., Neb., Patrick v. Leach, 17 Fed. Rep., 476.
But the attorney should act promptly. A motion by attorney to vacate satisfaction and enforce lien for costs, delayed seven years, is made too late. Winans v. Mason, 33 Barb., 522 ; s. c.. 21 How. Pr., 153.
Where the agreement giving the plaintiff’s attorney a contingent interest for his compensation in an expected recovery of damages for a tort, is void for champerty, the attorney is not entitled to have the plaintiff's release and satisfaction of the judgment set aside for the purpose of enforcing his claim for compensation. Atchison, etc., R. R. Co. v. Johnson, 39 Kans., 318.
In an admiralty action for jwages, the plaintiffs and defendants compromised the action by payment to each of the plaintiffs of a certain sum in discharge of the claim and costs. The plaintiffs left the country without paying their solicitor’s costs. Held, that as there was no evidence that the parties had made the settlement with the intention of depriving the plaintiffs’ solicitors of their lien for their costs, the defendants ought not to he ordered to pay the plaintiffs’ taxed costs. In re The Hope, L. R.,8 Prob. Div., 144.
*37 5. Against set-offs. Priority.] Under § 66, the attorney’s lien for ■costs is protected against set-off though he has not given notice of his lien. Supm. Ct., 1882, Moloughney v. Kavanagh, 3 Civ. Pro. R. (Browne), 253.
B seems, that under § 66, the attorney for a defendant in whose favor a judgment for costs has been entered upon the dismissal of the complaint acquires a lien thereon for his compensation, which is superior to the right of the plaintiff to set off a prior judgment in his favor, whether he seeks to ■enforce such right upon a motion or by an action. Ennis v. Curry, 22 Sun, 584.
Where defendant recovers judgment for costs, the lien of his attorney thereon is superior to plaintiff's right to set off a prior judgment in his favor against defendant. Naylor v. Lane, 50 Super. Ct. (J. & S.), 97.
Although the attorney’s lien for costs is not subject to set-off, the assignment to him of the entire cause of action is subject only to the equities existing against the assignor at the time of the transfer. N. Y. City Ct., Sp. T., 1885, Turno v. Parks, 2 How. Pr., N. S., 35.
An attorney’s lien on a judgment is subject to any existing right of set-off in the other party to the suit. National Bank of Winterset v. Eyre, 8 Fed. Rep., 783.
An agreement by the client that his attorney shall have a lien upon the judgment, if recovered, for a specified sum as compensation for his services, operates as an equitable assignment of the judgment pro tanto, and the lien of the attorney cannot be offset by a judgment against his client in another action purchased by the defendant, after entry of the judgment against himself, though before notice of the assignment. Terney v. Wilson, to appear in 16 Vroom (N. J).
In an action on two judgments for costs in favor of plaintiff in suits against him by defendants in which he prevailed, the action being instituted and prosecuted by and for the benefit of his attorneys in the former suits,— Seld, that defendant’s right to set off a judgment in his favor against plaintiff, recovered before the judgment ,in suit, was superior to the lien of the attorneys. Fairbanks v. Devereaux, 58 Vt., 359.
The lien of attorney upon a “report,” etc., in his client’s favor, given by Code Civ. Pro., § 66, does not apply to a report upon a reference ordered in an interlocutory application under § 1015 ; the costs of such proceeding are motion costs within § 779, and may on the application of the adverse party be set off against the costs recovered by him on the final judgment. N. Y. Super. Ct., Sp. T., 1882, Jones v. Easton, 11 Abb. N. C., 114.
Although an attorney is protected against an application to set off a judgment in one action against a judgment in another, yet interlocutory costs, awarded upon vacating an order of arrest, though promised to the attorney, may be set off. Hoyt v. Godfrey, 11 Daly, 278 ; s. c., 3 Civ. Pro. R. (Browne), 118.
(Contra.) But costs recovered by defendant upon reversing on appeal an order denying his motion for a stay because of non-payment of costs awarded upon a motion to vacate an order of arrest, were held to be the *38 property of the defendant’s attorney immediately upon recovery without any assignment thereof to him, and that they could not be set off against an equal amount of the general costs of the action awarded to'the plaintiff upon the trial. Tunstall v. Winton, 31 Hun, 219 ; aff’d, it seems, without opinion, in 96 N. Y., 660.
Where a construction contract for building a railroad was set aside, at the instance of the railroad company, as ultra vires, but the contractor was allowed to recover for work actually done,—Held that his lien upon the property of the company for the sum so allowed was superior to the lien of the solicitors of the company for their services in the litigation. U. S. Circ. Ct., W. D. Penn., Newcastle N. Ry. Co. v. Simpson, 26 Fed. Rep., 133.
An attorney’s claim against a railroad company for services rendered in actions a year and a half before the appointment of a receiver of the company,—Held not entitled to priority over the lien of prior mortgagees. U. S. Circuit Ct., E. D. Mo., Blair v. St. Louis, etc., R. R. Co., 23 Fed. Rep., 524.
6. Enforcement of judgment by attorney f\ An attorney for defendant should enforce his judgment for costs by suit in his own name ; if he sues in the name of his client, even by leave of court, for the express purpose of enforcing his lien, a previous assignment by his client of the cause of action and release of the judgment will defeat the action. N. Y. City Ct., Tr. T., 1885, Kipp v. Rapp, 2 How. Pr., N. S., 169.
A plaintiff’s attorney in replevin having a lien upon the judgment may take an assignment thereof, and maintain an action in his own name against the sureties to the undertaking on arrest given by the defendant in the replevin action. Newberg v. Schwab, 49 Super. Ct. (J. & S.), 232.
Under Code Civ. Pro., § 66, in an action of tort, in which the defendant is liable to arrest, if he succeeds, the defendant’s attorney may have an execution against the person of the plaintiff for his costs. So held, on a motion to vacate an execution against the person issued by defendant’s attorney. Super. Ct., Sp. T., 1882, Parker v. Spear, 62 How. Pr., 394.
In an action for separation, plaintiff died before the action came to trial, but the day before her death, a judgment for costs upon an order denying-a motion to vacate an order of arrest was entered. Held, upon motion -by the plaintiff’s attorney for leave to issue an execution, that his right to require payment of the costs was not lost by the abatement of the suit, and under Code Civ. Pro., § 779, an execution stating the facts might be issued against the personal property of defendant, and the costs collected under it. Supm. Ct., 1883, Lachenmeyer v. Lachenmeyer, 17 Weekly Dig., 310.
An attorney having a lien upon a judgment for his costs and compensation, may enforce the same by supplementary proceedings, the affidavit for the order for the debtor’s examination setting forth the lien, and the purpose of the proceedings to collect the amount; and his right to proceed is not affected by the fact that his client, the judgment creditor, has made a general assignment for benefit of his creditors. N. Y. City Ct., Sp. T., Merchant v. Sessions, 5 Civ. Pro.R. (Browne), 24. .
*39 An order for the examination of a judgment debtor in supplementary proceedings should be vacated where it appears that the judgment creditor has assigned his judgment, and does not desire the proceedings to be instituted. The judgment creditor’s attorney has no right to collect the judgment generally, and if he desires to enforce his lien his claim should be liquidated, his affidavit for the order should set forth his claim, and some necessity shown for the supplementary proceedings, as that he cannot collect his costs of his client. Supm. Ct., Chamb., Russell v. Somerville, 10 Abb. N. C., 395, n.
An attorney who buys in property at a sale conducted by him for his client, taking the title in his own name and claiming an interest to secure the payment of his fees, cannot, on the ground of non-payment thereof, convey away the property without first having his claim of a lien settled with his client, and after the business had been concluded, giving his client an opportunity to pay the same and obtain a release from him. So held, setting aside the sale to a purchaser with notice. Taylor v. Young, 56 Mich., 285.
7. Enforcement of lien on papers or moneys reeeived!\ In proceedings to compel an attorney to deliver up_ a policy of insurance, where, upon the facts before the court, as shown by his affidavit, he has a lien upon it fox-professional services, it is error, without further investigation either by the cóurt, or through the aid of a referee, to order him to surrender it without payment of his charges. Matter of H-, an attorney, 87 N. Y., 521.
A motion by plaintiff’s attorney to set aside an execution issued upon a judgment for the plaintiff by the assignee of the plaintiff’s interest therein,— denied, but the attorney’s lien protected by staying the sheriff from paying the proceeds of a sale on the execution to the plaintiff, or its assignee, until the amount of the attorney’s compensation could be ascertained. Loaners’ Bank v. Nostrand, 53 Super. Ct. (J & S.), 525.
Where an adequate reason is shown, the court will order a discharged solicitor to deliver up documents on which he claims a lien for costs, on the client’s paying into court a sum sufficient to satisfy the solicitor’s demand. Eng. Ch. Div., March, 1882, Re South Essex Investment, etc., Co., 46 L. T. R., N. S., 280.
Where money is paid into court under a decree .for the complainant, the court cannot, ex parte, order an accounting betwfeen the complainant and his counsel for services in other cases and payment of the balance out of the fund; such a px-oceeding, especially where the complainant resides in another state, being altogether irregular and void, for want both of parties and of process. Wolfe v. Lewis, 19 How. (U. S.), 280.
The court will interfere summarily to compel an attorney to pay over money collected by him for his client, and if the attorney claims a lien thereupon for his services, he is not entitled of right to a jury trial, but the court may direct a reference to ascertain the sum due him, and upon confirmation of a i-eport showing a balance due the client, may order him to pay it over. Matter of Fincke, 6 Daly, 111.
*40 The amount oí the lien may be determined by a reference granted upon motion of the attorney. Brown v. Mayor, etc., 11 Hun, 21.
An attachment is a proper remedy against an attorney who retains money, and refuses to pay it over, that justly belongs to his client; and good faith in withholding the money is no ground for exemption from such remedy. Bowling Green Savings Bank v. Todd, 52 N. Y., 489.
8. Notice of lien.] Where the recovery is solely for costs, the judgment itself is legal notice of the lien, and cannot be discharged by payment to anyone but the attorney. Lesher v. Roessner, 3 Hun, 217; s. c.,5 Supm. Ct. (T. & C.), 674 ; Wright v. Fleming, 10 Weekly Dig., 450 ; Ennis v. Curry, 22 Hun, 584; Ackerman v. Ackerman, 14 Abb. Pr., 229 ; Hovey v. Rubber Tip Pencil Co., 14 Abb.Pr., N. S., 66.
That under Code Civ.Pro., § 66, the attorney to protect his lien upon the judgment, as against settlement between the parties in good faith and offsets, to any extent beyond the taxable costs and disbursements, must give notice of his lien for his additional compensation, is held in the following cases : Supm. Ct., First Dept., Jenkins v. Adams, 22 Hun, 600 ; N. Y. Com. Pl., Sp. T., Tullis v. Runkle, 3 Monthly L. Bul., 62 ; N. Y. City Ct., Sp. T., Tooker v. Battin, N. Y. Daily Reg., Dec. 8, 1885 ; White v. Brady, 4 Monthly L. Bul., 39.
To the contrary, holding that the attorney has a lien for the compensation agreed upon between himself and his client, although no notice is given, the statute, § 66, being regarded as notice: Brooklyn City Ct., Lewis v. Day, 10 Weekly Dig., 49 ; followed at Sp. T., Costa v. Greenpoint Ferry Co., 5 Civ. Pro. R. (Browne), 146 (see Custer v. Greenpoint Ferry Co., 98 N. Y., 660; '' order affirmed. No opinion ”).
The attorney’s lien for costs is clearly protected against settlement or set-off, without notice being given. Supm. Ct., 1882, Moloughney v. Kavanagh, 3 Civ. Pro. R. (Browne), 253 ; Ennis v. Curry, 22 Hun, 584. See other cases cited above, under Set-offs.
9. Attorney’s liability.] An attorney who prosecutes an action after séttlement by the parties—to enforce his lien for costs, is personally answerable for the subsequent costs if unsuccessful in proving the cause of action. Marine Ct., Tr. T., 1882, Deutsch v. Webb, 10 Abb. N. C., 393, n.
Defendant’s attorney,—charged with costs upon denial of a motion made by him to dismiss complaint, because parties had collusively settled in order to deprive him of his costs. Eisner v. Hamel, 6 Hun, 234.